# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>MYLAN INC., MYLAN SPECIALTY L.P., CVS HEALTH CORPORATION, CAREMARKPCS HEALTH LLC, CAREMARK LLC, CAREMARK RX LLC, EXPRESS SCRIPTS HOLDING COMPANY, EXPRESS SCRIPTS INC., MEDCO HEALTH SOLUTIONS INC., UNITED HEALTH GROUP INCORPORATED, UNITED HEALTHCARE SERVICES INC., OPTUM INC., OPTUMRX HOLDINGS, LLC, and OPTUMRX INC.,<br><br>*Defendants.* | Case No. 0:20-cv-00827-ECT-TNL |
| DAKOTA DRUG, INC., on behalf of itself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>MYLAN INC., MYLAN SPECIALTY L.P., CVS HEALTH CORPORATION, CAREMARKPCS HEALTH LLC, CAREMARK LLC, CAREMARK RX LLC, EXPRESS SCRIPTS HOLDING COMPANY, EXPRESS SCRIPTS INC., MEDCO HEALTH SOLUTIONS INC., | Case No. 0:20-cv-01334-ECT-TNL |

UNITED HEALTH GROUP INCORPORATED, UNITED HEALTHCARE SERVICES INC., OPTUM INC., OPTUMRX HOLDINGS, LLC, and OPTUMRX INC.,

    *Defendants.*

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE RELATED CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL

### I. INTRODUCTION

Plaintiffs Rochester Drug Co-Operative, Inc. ("RDC") and Dakota Drug, Inc. ("DDI") have each filed complaints alleging an unlawful scheme to artificially inflate list prices for EpiPen products. Both RDC and DDI (collectively, "Plaintiffs"), represented by the same counsel, hereby move the Court to (a) consolidate these related cases under Fed. R. Civ. P. 42(a)(2), and (b) appoint Garwin Gerstein & Fisher, LLP ("GGF") and Berger Montague PC ("BMPC") as interim co-lead counsel for the class, under Fed. Civ. P. Rule 23(g)(3).

### II. THESE RELATED CASES SHOULD BE CONSOLIDATED

On March 28, 2020, RDC filed a complaint against Mylan Inc. and Mylan Specialty L.P. ("Mylan"); CVS Health Corporation, CaremarkPCS Health, L.L.C., Caremark L.L.C., and Caremark Rx L.L.C. ("CVS Caremark"); Express Scripts Holding Company, Express Scripts, Inc., and Medco Health Solutions, Inc. ("Express Scripts"); UnitedHealth Group Incorporated, United HealthCare Services, Inc., ("United"), and Optum, Inc., OptumRx Holdings, LLC, and OptumRx, Inc. ("OptumRx") (collectively, "Defendants") alleging

2

that Defendants conspired to increase the list price that Mylan would charge for its EpiPen products[1], bringing claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq*, and the Section 2 of the Sherman Act, 15 U.S.C. § 2. Case No. 20-cv-00827, ECF No. 1. RDC's complaint was filed on behalf of itself and a proposed class of direct purchasers of EpiPens. *Id*. at ¶ 1.

Subsequently, on June 9, 2020, DDI, represented by the same attorneys, filed a similar complaint, against the same set of Defendants, alleging the same scheme, on behalf of itself and the same proposed class of direct purchasers. Case No. 20-cv-01134, ECF No. 1.

On June 11, 2020, the Court issued an Order of Direction to the Clerk of Court for Reassignment of Related Case, assigning the DDI matter to Judge Eric C. Tostrud and Magistrate Tony N. Leung, just as the RDC case has been assigned. Case No. 20-cv-00827, ECF No. 56; Case No. 20-cv-1334, ECF No. 7.

With the two cases before the same Court, both RDC and DDI move to consolidate their cases.

"Rule 42(a) of the Federal Rules of Civil Procedure instructs that a court may order consolidation of pending actions that 'involve a common question of law or fact.'" *Doe YZ v. Shattuck–St. Mary's Sch.*, No. 15-cv-1151-ADM/SER, 2016 WL 6594077, at *1 (D. Minn. Nov. 4, 2016); Fed. R. Civ. P. 42(a)(2). "In deciding whether consolidation is appropriate, the court must balance the savings of time and effort resulting from

---

[1] The EpiPen products or "EpiPens" are EpiPen, EpiPen Jr., EpiPen 2-Pak, and EpiPen Jr. 2-Pak, and generic versions of those products.

3

consolidation against any inconvenience, delay or expense that it would cause." *Powell v. Nat'l Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991). The RDC and DDI complaints involve identical questions of law and fact, as they allege the same scheme, by the same Defendants, bringing the same causes of action, on behalf of the same proposed class. The evidence and witnesses in the actions will be the same. Consolidation will save time and effort, by litigating these common issues under one case rather than two, without causing any inconvenience, delay, or expense.

RDC and DDI have consulted with Defendants, and Defendants agree to consolidation and Plaintiffs' filing of a consolidated complaint. Attached as Exhibit [1] is a proposed Consolidated Class Action Complaint (the "Consolidated Complaint").

Plaintiffs and Defendants also have conferred and agreed to a briefing schedule for the motions to dismiss the Consolidated Complaint that Defendants anticipate filing. The proposed schedule matches the intervals set forth in the June 16, 2020 Order in the RDC matter, but with Defendants' motion now due on August 14, 2020. Case No. 20-cv-00827, ECF No. 57.

### III. GARWIN GERSTEIN & FISHER, LLP AND BERGER MONTAGUE PC SHOULD BE APPOINTED INTERIM CO-LEAD COUNSEL FOR THE CLASS

"Pursuant to Fed. Civ. P. Rule 23(g)(3), the Court may designate interim class counsel before determining whether to certify a class." *Adedipe v. U.S. Bank, Nat. Ass'n*, No. 13-cv-2687-JNE/JJK, 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014). "The determination as to appointment of class counsel specifically requires the court to consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in

handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *Id.* (citing Fed R. Civ. P. 23(g)(1)).

### 1. Garwin Gerstein & Fisher, LLP and Berger Montague PC Have Conducted an Extensive Factual and Legal investigation into the Claims Here.

Garwin Gerstein & Fisher, LLP and Berger Montague PC (collectively, "Proposed Interim Co-Lead Counsel") conducted extensive factual investigations and thoroughly researched and analyzed the complex legal issues that they anticipate will arise in this case, prior to filing the RDC and DDI complaints. The RDC and DDI complaints were filed after months of investigation to marshal publicly-available facts and develop case theories applicable to Plaintiffs and the proposed class of direct purchasers. The quality of their investigatory work is evident in the highly detailed allegations of the complaints, including the proposed Consolidated Complaint containing over 250 paragraphs of detailed allegations and explanations of the perverse effect of Defendants' conduct on EpiPen list prices and resulting overcharges suffered by Plaintiffs and the proposed class.

### 2. Garwin Gerstein & Fisher, LLP and Berger Montague PC Have Extensive Experience Representing Direct Purchasers in Pharmaceutical Litigation

Bruce E. Gerstein and his firm, Garwin Gerstein & Fisher, LLP, and David F. Sorensen and his firm, Berger Montague PC, each have decades of experience litigating pharmaceutical class action cases on behalf of direct purchasers. Proposed Interim Co-Lead Counsel (and/or their law firms) have served as lead or co-lead counsel or on the executive committee in over 30 pharmaceutical class action cases on behalf of the entities that principally compose the class here. These include the following cases:

5

| Case | GGF Sole Lead | GGF Co-Lead or Executive Committee | BMPC Co-Lead or Executive Committee | Status |
|---|---|---|---|---|
| *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-07488 (S.D.N.Y.) | | ✺ | ✺ | Settled |
| *In re Asacol Antitrust Litig.*, No. 15–12730 (D. Mass.) | | ✺ | ✺ | Settled |
| *In re Solodyn Antitrust Litig.*, 14-MD-2503-DJC (D. Mass.) | | | ✺ | Settled |
| *In re Lidoderm Antitrust Litig.*, No. 14-02521 (N.D. Cal.) | | ✺ | | Settled |
| *In re Aggrenox Antitrust Litig.*, No.14-2516 (D. Conn.) | ✺ | | ✺ | Settled |
| *In re Loestrin 24 Fe Antitrust Litig.*, 13-md-2472 (D.R.I.) | | | ✺ | Settled |
| *In re Prograf Antitrust Litig.*, No. 11-2242 (D. Mass.) | | ✺ | | Settled |
| *In re: Prandin Antitrust Litigation*, No. 10-12141 (E.D. Mich.) | | | ✺ | Settled |
| *In re Wellbutrin XL Antitrust Litig.*, No. 08-2431 (E.D. Pa.) | | | ✺ | Settled |
| *Rochester Drug Co-Operative, Inc. v. Braintree Labs., Inc.*, No. 07-0142 (D. Del.) | | ✺ | ✺ | Settled |
| *Meijer, Inc. v. Abbott Labs.*, No. 07-5985 (N.D. Cal.) | | ✺ | ✺ | Settled |
| *In re Modafinil Antitrust Litig.*, No. 06-1797 (E.D. Pa.) | ✺ | | ✺ | Settled |
| *In re: Metoprolol Succinate Direct Purchaser Antitrust Litigation*, No. 06-52 (D. Del.) | | | ✺ | Settled |
| *In re Tricor Direct Purchaser Antitrust Litig.*, No. 05-340 (D. Del.) | ✺ | | | Settled |
| *In re Hypodermic Products Direct Purchaser Antitrust Litig.*, No. 05-01602 (D.N.J.) | ✺ | | | Settled |
| *In re DDAVP Direct Purchaser Antitrust Litig.*, No. 05-2237 (S.D.N.Y.) | | ✺ | ✺ | Settled |
| *In re OxyContin Antitrust Litig.*, MDL No. 04-1603 (S.D.N.Y) | | ✺ | ✺ | Settled |
| *In re: Nifedipine Antitrust Litigation*, 03-223 (D.D.C.) | | ✺ | ✺ | Settled |
| *In re Neurontin Antitrust Litig.*, No. 02-1830 (D.N.J.) | | ✺ | | Settled |
| *In re Remeron Antitrust Litig.*, No. 02-02007 (D.N.J.) | | ✺ | | Settled |
| *In re K-Dur Antitrust Litig.*, No. 01- | | ✺ | ✺ | Settled |

6

| Case | GGF Sole Lead | GGF Co-Lead or Executive Committee | BMPC Co-Lead or Executive Committee | Status |
|---|---|---|---|---|
| 1652 (D.N.J.) | | | | |
| *In re Buspirone Antitrust Litig.*, No. 01-7951 (S.D.N.Y.) | | ❧ | | Settled |
| *In re Relafen Antitrust Litig.*, No. 01-12239 (D. Mass.) | | ❧ | | Settled |
| *In re Cardizem Antitrust Litig.*, No. 99-1278 (E.D. Mich.) | | ❧ | | Settled |
| *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-1317 (S.D. Fla.) | | ❧ | ❧ | Settled |
| *In re Novartis and Par Antitrust Litig.*, No. 18-4361 (S.D.N.Y). | ❧ | | | Pending |
| *In re Opana ER Antitrust Litig.*, No. 14-10150 (N.D. Ill.) | | ❧ | ❧ | Pending |
| *In re Niaspan Antitrust Litig.*, No.13-2460 (E.D. Pa.) | | ❧ | ❧ | Pending |
| *In re Lamictal Antitrust Litig.*, No. 12-995 (D.N.J.) | ❧ | | | Pending |
| *In re Lipitor Antitrust Litig.*, No. 12-233 (D.N.J.) | | ❧ | ❧ | Pending |
| *In re: Effexor XR Antitrust Litigation*, No. 11-5479 (D.N.J.) | | | ❧ | Pending |

In these cases, Proposed Interim Co-Lead Counsel have worked cooperatively and efficiently with the same group of co-counsel here, who are listed on the RDC and DDI complaints, including Faruqi & Faruqi LLP; Odom & Des Roches LLC; Smith Segura Raphael & Leger, LLP; and Heim Payne & Chorush LLP.  Having successfully litigated numerous cases across many years, this group of attorneys has developed extensive, specialized experience in the prosecution of direct purchaser cases in the pharmaceutical sector, including (1) determining the overarching litigation strategy; (2) overseeing and guiding fact and expert discovery; (3) writing dispositive motions; (4) oral argument; (5) class certification; (6) retaining and coordinating experts; (7) depositions; (8) trial; (9)

7

appeal; and (10) settlement.  The firm resumes of GGF and BMPC, providing further detail on the qualifications of each firm and its individual attorneys, are attached hereto as Exhibit [2] (GGF firm resume) and Exhibit [3] (BMPC firm resume).

GGF and BMPC have been recognized by courts as effective class counsel in these cases.  In *In re K-Dur Antitrust Litigation*, where GGF and BMPC were among the lead counsel, the court, in certifying a direct purchaser class, found that "counsel for the proposed Class have vigorously and capably prosecuted this action, conducting appropriate discovery and presenting detailed analyses in memoranda, expert declarations and oral argument."  In *re K-Dur Antitrust Litig.*, MDL Docket No. 1419, 2008 U.S. Dist. LEXIS 118396, at *31 (D.N.J. Apr. 14, 2008).

In *In re Cardizem CD Antitrust Litig.*, where GGF was co-lead counsel for the class, the court stated:

> This Court would be remiss if it failed to acknowledge the high level of competence, experience, skill and hard work demonstrated by Counsel on both sides throughout this litigation. Both Plaintiffs' Counsel and Defendants' Counsel are all seasoned, highly competent professionals with years of experience in litigating complex antitrust actions. From the date this action began, Plaintiffs' Counsel has aggressively prosecuted and Defendants' Counsel has vigorously defended on their clients' behalf, while displaying the utmost skill, courtesy, and professionalism.

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534 (E.D. Mich. 2003).

### 3. Garwin Gerstein & Fisher, LLP and Berger Montague PC Possess Knowledge of the Law Applicable to Pharmaceutical Class Action Litigations

Having served as lead, co-lead counsel or on the executive committee in more than 30 other pharmaceutical direct purchaser class actions, GGF and BMPC have extensive experience with and understanding of the law that will be applicable in this litigation. They are well-versed in the complex factual issues that arise in litigating direct purchaser pharmaceutical class actions, including highly technical economic, regulatory, and causation issues.

### 4. Garwin Gerstein & Fisher, LLP and Berger Montague PC Have the Resources Necessary to Prosecute this Case.

Garwin Gerstein & Fisher, LLP and Berger Montague PC have the resources necessary to prosecute this action and will devote those resources to the prosecution of this action in the best interest of the proposed class.

Accordingly, Garwin Gerstein & Fisher, LLP and Berger Montague PC satisfy all of the requirements of Federal Rule of Civil Procedure 23(g), and the motion requesting their appointment as interim lead counsel should be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court should (1) consolidate these related cases under Federal Rule 42(a)(2), and (2) appoint Bruce E. Gerstein and his firm Garwin Gerstein & Fisher, LLP, and David F. Sorensen and his firm Berger Montague PC as interim co-lead counsel for the direct purchaser class under Federal Rule 23(g).

Dated: July 15, 2020                    Respectfully submitted,

                                        ROCHESTER DRUG CO-OPERATIVE, INC. and DAKOTA DRUG, INC.

                                        By: *E. Michelle Drake*
                                            One of its Attorneys

                                        E. Michelle Drake, Bar No. 0387366
                                        BERGER MONTAGUE PC
                                        43 SE Main Street, Suite 505
                                        Minneapolis, MN 55414
                                        (612) 594-5933
                                        emdrake@bm.net

Peter Kohn                              Bruce E. Gerstein
Joseph T. Lukens                        Noah Silverman
FARUQI & FARUQI, LLP                    GARWIN GERSTEIN & FISHER LLP
One Penn Center, Suite 1550             88 Pine Street, 10th Floor
1617 John F. Kennedy Blvd.              New York, NY 10005
Philadelphia, PA 19103                  (212) 398-0055
(215) 277-5770                          bgerstein@garwingerstein.com
pkohn@faruqilaw.com                     nsilverman@garwingerstein.com
jlukens@faruqilaw.com

David F. Sorensen                       Stuart E. Des Roches
Andrew C. Curley                        ODOM & DES ROCHES, LLC
Nicholas Urban                          650 Poydras Street, Suite 2020
BERGER MONTAGUE PC                      New Orleans, LA 70130
1818 Market Street, Suite 3600          (504) 522-0077
Philadelphia, PA 19103                  stuart@odrlaw.com
(215) 875-3000
dsorensen@bm.net
acurley@bm.net
nurban@bm.net

David Golub                             Susan Segura
Steven Bloch                            David C. Raphael, Jr.
SILVER GOLUB & TEITELL LLP              SMITH SEGURA RAPHAEL & LEGER, LLP
184 Atlantic Street                     221 Ansley Blvd.
Stamford, CT 06901                      Alexandria, LA 71303
(203) 325-4491                          (318) 445-4480
dgolub@sgtlaw.com                       ssegura@ssrllp.com
sbloch@sgtlaw.com                       draphael@ssrllp.com

                                        Russ Chorush

                                        HEIM PAYNE & CHORUSH, LLP
                                        1111 Bagby, Suite 2100
                                        Houston, TX 77002
                                        (713) 221-2000
                                        rchorush@hpcllp.com