**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re: EpiPen Direct Purchaser Litigation

THIS DOCUMENT RELATES TO:

*All Direct Purchaser Actions*

Case No. 20-cv-00827 (ECT/TNL)

**<u>ANSWER BY DEFENDANTS EXPRESS SCRIPTS, INC., AND MEDCO HEALTH
SOLUTIONS, INC., TO CONSOLIDATED CLASS ACTION COMPLAINT</u>**

Defendants Express Scripts, Inc. ("**ESI**"), and Medco Health Solutions, Inc. ("**Medco**") (collectively for purposes of this Answer, "**Express Scripts**"), answer Plaintiffs' Consolidated Class Action Complaint ("**Complaint**") as follows, using numbered paragraphs that correspond to the numbered paragraphs of the Complaint.

All allegations not expressly admitted below are denied.

## I.      INTRODUCTION[1]

1.      Denied, except that Plaintiffs brought an action against Defendants on behalf of a proposed class of direct purchasers from Mylan of EpiPen, EpiPen Jr., EpiPen 2-Pak, and EpiPen Jr. 2-Pak, and generic versions of those products (collectively or individually, "**EpiPen**" or "**EpiPens**").

2.      Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, except that epinephrine auto-injectors ("**EAIs**") are devices that allow a patient to quickly self-administer a prescribed amount of the drug epinephrine through a spring-loaded needle as an emergency treatment for severe allergic reactions (including anaphylaxis).

3.      Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

4.      Denied, except that Express Scripts is retained by various types of entities to provide pharmacy benefit management ("**PBM**") services, and that Express Scripts

---

[1] This Answer includes the headings in Plaintiffs' Complaint solely by way of reference. To the extent these headings contain any allegations to which Express Scripts must respond, Express Scripts denies each allegation.

lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

5.      Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs and other Defendants.

6.      Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs and other Defendants.

7.      This paragraph asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

8.      Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

9.      Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

10.     This paragraph asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

11.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the first two sentences of paragraph 11. The last two sentences are

denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

12.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

## II.     PARTIES

13.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17.     Paragraph 17 does not make any allegations and therefore does not require a response.

18.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23.     Paragraph 23 does not make any allegations and therefore does not require a response.

24.     Denied, except that Express Scripts Holding Company ("**ESHC**"), which is now known as Evernorth Health Inc., is headquartered at One Express Way, St. Louis, Missouri, 63121, and is incorporated in Delaware, and that ESHC's 2016 Form 10-K states:

> When we use the terms "Express Scripts," the "Company," "we," "us" or "our" in this Annual Report on Form 10-K, we mean Express Scripts Holding Company and its subsidiaries on a consolidated basis, unless we state or the context implies otherwise.
>
> . . .
>
> During 2016, 96.2% of our revenues were derived from our PBM operations, compared to 97.3% and 97.5% during 2015 and 2014, respectively.
>
> . . .
>
> As the largest stand-alone pharmacy benefit management ("PBM") company in the United States, we provide a full range of services to our clients, which include managed care organizations, health insurers, third-party administrators, employers, union-sponsored benefit plans, workers' compensation plans and government health programs. We report segments on the basis of products and services offered and have determined we have two reportable segments: PBM and Other Business Operations. Our integrated PBM services

include clinical solutions to improve health outcomes, specialized pharmacy care, home delivery pharmacy services, specialty pharmacy services, retail network pharmacy administration, benefit design consultation, drug utilization review, drug formulary management, Medicare, Medicaid and Public Exchange offerings, administration of a group purchasing organization and consumer health and drug information.

25.  Admitted.

26.  Admitted.

27.  The first sentence of paragraph 27 asserts legal conclusions that do not require a response. To the extent a response is required, the first sentence is denied. The remainder of this paragraph is denied, except that John Mimlitz is a Vice President of ESI and Medco, and Christopher McGinnis was a Vice President at ESI and a Vice President and Chief Accounting Officer of ESHC.

28.  Paragraph 28 does not make any allegations and therefore does not require a response.

29.  Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.  Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.  Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.  Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35.     Paragraph 35 does not make any allegations and therefore does not require a response.

36.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

## III.     JURISDICTION AND VENUE

37.     This paragraph asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied.

38.     This paragraph asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

39.     This paragraph asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

## IV.    FACTUAL ALLEGATIONS

A.    **Epinephrine Auto-Injector Products**

40.    Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, except that anaphylaxis is a serious, life-threatening allergic reaction.

41.    Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, except that an EAI is used to self-deliver a controlled dosage of epinephrine during a life-threatening allergic reaction involving anaphylaxis.

42.    Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, except that Mylan markets and distributes EpiPen.

43.    Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the first three sentences of paragraph 43, except that the quoted language appears in the document cited in footnote 9. The last three sentences are denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

B.    **The Prescription Drug Selection And Distribution System**

1.    **The Prescription Drug Distribution Chain**

44.    Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

45.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, except that the Wholesale Acquisition Cost ("**WAC**") is a list price.

46.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, except that AWP is an "index" price that is calculated as a derivate of WAC.

47.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47, except that the price that patients pay for drugs like EpiPen at the pharmacy counter varies based on whether they have insurance and the nature of their coverage.

48.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48, except that a formulary is a list of drugs that an insurer or health plan may use to determine which drugs are covered and the scope or restrictions for such coverage.

49.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, except that a health plan or insurer's cost for a prescription is impacted by various factors, and that the health plan or insurer's final or "net" costs for a prescription may be reduced by rebates from drug manufacturers.

50.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

2.      **PBMs' Role In The Drug Selection And Dispensing Process**

51.      The first two sentences of paragraph 51 are denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs. With respect to the third sentence of paragraph 51, Express Scripts admits that the quoted language appears in a letter dated September 5, 2013, from David Dederichs, Senior Director of Government Affairs at Express Scripts, Inc., to the Pennsylvania House of Representatives Committee on Health. Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the fourth sentence of paragraph 51, except that the quoted language appears in the document cited in footnote 11.

52.      Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs.

53.      Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

(a)      **PBMs' Role In Negotiating Rebates With Manufacturers**

54.      The first sentence of paragraph 54 is denied, except that some manufacturers pay Express Scripts fees for certain administrative services it provides and that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs. The remainder of paragraph 54 is denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning manufacturers or other PBMs, and that ESHC's 2013 Form 10-K states:

We are the largest PBM company in the United States, offering a full range of services to our clients, which include managed care organizations, health insurers, third-party administrators, employers, union-sponsored benefit plans, workers' compensation plans and government health programs. We help health benefit providers address access and affordability concerns resulting from rising drug costs while helping to improve healthcare outcomes. We manage the cost of the drug benefit by performing the following functions:

- evaluating drugs for price, value and efficacy in order to assist clients in selecting a cost-effective formulary

- leveraging purchasing volume to deliver discounts to health benefit providers

- promoting the use of generics and low-cost brands

- offering cost-effective home delivery pharmacy and specialty services that result in drug cost savings for plan sponsors and co-payment savings for members

We work with clients, manufacturers, pharmacists and physicians to increase efficiency in the drug distribution chain, to manage costs in the pharmacy benefit chain and to improve members' health outcomes and satisfaction.

55.    Denied, except that rebates may lower the net cost of a drug brand to health plans, and that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs.

56.    Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56.

57.    Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57. Footnote 16 is denied, except that

Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs.

58.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs, and that the quoted language appears in the publication cited in footnote 17.

59.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60.     Denied, except that Express Scripts negotiates rebates with drug manufacturers, and that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs.

61.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

62.     Denied, except that the quoted language appears in the document cited in footnote 22. Express Scripts denies that it has a "standard, uniform contract."

63.     The first sentence of paragraph 63 is denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs. The second sentence of Paragraph 63 asserts legal conclusions that do not require a response. To the extent a response is required, Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence. The third sentence of paragraph 63 is

denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

(b)     <strong><u>PBMs' Role In Designing Formularies</u></strong>

64.    Denied, except that formularies are a central tool that payors may use in designing, managing, and publicly identifying the extent of the coverage and benefits they provide to their members and that formulary coverage may impact how much a patient pays for a drug.

65.    With respect to the first sentence of paragraph 65, Express Scripts admits that its clients make decisions regarding their formularies' structures and details. Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in this sentence concerning other PBMs. With respect to the second sentence of paragraph 65, Express Scripts admits that the quoted language appears in a letter dated September 5, 2013, from David Dederichs, Senior Director of Government Affairs at Express Scripts, Inc., to the Pennsylvania House of Representatives Committee on Health. With respect to the third sentence, Express Scripts admits that the quoted language appears in the testimony of George Paz (who was at the time the Chairman and CEO of ESI) in December 2011 before the Senate Judiciary Committee.

66.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs. Express Scripts denies that it has a "standard, uniform contract."

67.    Denied, except that the quoted language appears in the document cited in footnote 24.

12

68.     Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68.

69.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs. Express Scripts denies that it has a "standard, uniform contract."

70.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

71.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs. Express Scripts denies that it has a "standard, uniform contract."

72.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs. Express Scripts denies that it has a "standard, uniform contract."

73.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning drug manufacturers or other Defendant PBMs and that the quoted language appears in the document cited in footnote 27.

74.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs.

75.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning purported "industry experts" or other PBMs.

76.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants, that the language quoted in the second sentence of paragraph 76 appears in the document cited in footnote 32, and that an article in *Managed Care* dated April 5, 2015, describes an interview with ESHC's Chief Medical Officer in which he is quoted as being asked: "So the exclusions were just to push back against coupon programs?", and in which he is quoted as responding:

> Part of it was also to extract lower prices, because the manufacturers were now convinced—because of what we did with Walgreens and the statins—that we could actually deliver market share when we were motivated to.
>
> So we went to the companies, and we told them, "We're going to be pitting you all against each other. Who is going to give us the best price? If you give us the best price, we will move the market share to you. We will move it effectively. We'll exclude the other products."
>
> But I told you I am a clinician at heart. We've always first made sure that any changes make clinical sense. We have an 18-member pharmacy and therapeutics committee that has no Express Scripts employees on it and is self-governing—if one member goes off the committee, they pick the replacement. They are completely independent.

77.     Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

14

78.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs. Express Scripts denies that it has a "standard, uniform contract."

> ### (c)    PBMs Have Discretion, Authority And Control Over How Much Of The Manufacturer Payments They Keep, And How Much They Pass On To Health Plans And When

79.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

80.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

81.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants, and that the quoted language appears in the document cited in footnote 39.

82.    Denied, except that the quoted language appears in the document cited in footnotes 40 and 41.

83.    Denied, except that the quoted language appears in the document cited in footnote 42.

84.    Denied, except that the quoted language appears in the document cited in footnote 43 and that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Altarum.

85.    Denied, except that the quoted language appears in the documents cited in footnotes 44 and 45.

86.    The first two sentences are denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning drug manufacturers and other PBMs. The third sentence is denied, except that ESI filed a lawsuit against a drug manufacturer in 2017.

87.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning health plans and other Defendant PBMs.

88.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning health plans and other Defendant PBMs.

89.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

90.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs. Express Scripts denies that it has a "standard, uniform contract."

91.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs.

(d)    **The PBMs Are Supposed To Act For Their Clients'
Benefit and Further Their Clients' Interests in Lowering
Drug Costs**

92.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

93.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs, that the quoted language at the beginning of the second sentence of paragraph 93 appears in an archived version of ESI's webpage from July 17, 2012, that the quoted language at the end of the second sentence of paragraph 93 appears in Express Scripts' 2016 Annual Report, and that the quoted language in the third sentence of paragraph 93 appears in a letter dated September 5, 2013, from David Dederichs, Senior Director of Government Affairs at Express Scripts, Inc., to the Pennsylvania House of Representatives Committee on Health.

94.    Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.

95.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs, that in 2003 Express Scripts voluntarily developed and enacted a "client pledge", that the quoted language in the third sentence appears in the testimony of George Paz (who was at the time the Chairman and CEO of ESI) in December 2011 before the Senate

Finance Committee, and that the quoted language in the fourth sentence appears in the testimony cited in footnote 53.

96. Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96.

97. Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the FTC, PCMA, and other Defendant PBMs.

98. Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs.

C. **Mylan Paid Bribes And Kickbacks To Defendant PBMs To Impede Competition And Maintain Its Ability To Charge Supra-Competitive Prices**

1. **The Defendant PBMs Are Ripe Targets To Be Bribed To Use Their Formulary Control To Favor Higher-Priced Drugs**

99. Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

100. The first and fifth sentences of paragraph 100 are denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs. Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of paragraph 100.

101.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

102.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

103.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

104.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

105.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs, and that the quoted language appears in the documents cited in footnotes 61 and 62.

106.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning OptumRx or other Defendant PBMs.

107.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs or a survey by the National Pharmaceutical Council.

108.   Denied, except that HHS proposed a rule in February 2019 pertaining to rebates and that the quoted language appears in the document cited in footnote 65.

109.   Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109, except that the quoted language appears in the document cited in footnote 67.

110.   Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110, except that the quoted language appears in the document cited in footnote 69.

## 2. Mylan Paid Bribes To The Defendant PBMs To Eliminate The Price-Curbing Effects Of Competition

111.   Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111, except that Auvi-Q was a branded EAI device sold by Sanofi.

112.   Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112.

113.   Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113.

114.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

115.   Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115.

116.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants and other PBMs.

117.   Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117.

D.   **After Using Bribes And Kickbacks To Eliminate Defendant PBMs' Incentives To Curb Mylan's Pricing Power, Mylan Aggressively Raised EpiPen Prices**

118.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

119.   Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119, except that the WAC of EpiPen 2-Pak was $608.61 as of May 2016.

120.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

121.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants, that Mylan CEO Heather Bresch testified before Congress on September 21, 2016, about the price of EpiPen, and that the quoted language appears in the document cited in footnote 75.

122.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

123.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Mylan's profits.

124.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Mylan's profits.

125.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants and Mylan's profits.

126.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

127.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants and what "Plaintiffs and other direct purchaser class members would have paid."

## V.   FRAUDULENT CONCEALMENT AND TOLLING

### A.   <u>Lack Of Transparency In PBM Contracts With Drug Companies Conceals The Details Of Mylan's Bribery And Kickback Conduct</u>

128.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendant PBMs.

129.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning purported "industry experts" and other PBMs.

130.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs or the American Health Policy Institute, and that the quoted language appears in the document cited in footnote 79.

131.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs or HHS, and that the quoted language appears in the documents cited in footnotes 80 and 81.

132.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs or the American Benefits Council, and that the quoted language appears in the document cited in footnote 82.

133.    Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133.

134.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

135.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

136.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs, and that certain plan sponsors have sought audits of drug company payments.

137.    Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other PBMs, and that certain plan sponsors have sought audits of drug company payments.

B.     **Discovery Rule Tolling**

138.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants or proposed Class members, and that Express Scripts admits that Plaintiffs and the proposed Class have little if any interaction with Express Scripts.

139.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

140.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

141.   Denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

142.   Paragraph 142 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied.

C.     **Fraudulent Concealment Tolling**

143.   Paragraph 143 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

## VI.     CLASS ACTION ALLEGATIONS

144.   Paragraph 144 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied.

145.    Paragraph 145 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied.

146.    Paragraph 146 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Mylan or proposed members of the Class.

147.    Paragraph 147 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied.

148.    Paragraph 148 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied.

149.    Paragraph 149 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied.

150.    Paragraph 150 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

151.    Paragraph 151 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

152.    Paragraph 152 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied.

153.    Paragraph 153 asserts legal conclusions that do not require a response. To the extent a response is required, this paragraph is denied.

## VII.   CLAIMS FOR RELIEF

### COUNT ONE

### VIOLATIONS OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT ("RICO"), 18 U.S.C. § 1962(c)
(Against All Defendants)

154–244.    Paragraphs 154–244 assert legal conclusions that do not require a response. To the extent a response is required, these paragraphs are denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

### COUNT TWO

### VIOLATIONS OF RICO, 18 U.S.C. § 1962(d) BY CONSPIRING TO VIOLATE 18 U.S.C. § 1962(c)
(Against All Defendants)

245–252.    Paragraphs 245–252 assert legal conclusions that do not require a response. To the extent a response is required, these paragraphs are denied, except that Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other Defendants.

### COUNT THREE

### VIOLATIONS OF SHERMAN ACT, 15 U.S.C. § 2 MONOPOLIZATION
(Against Mylan Only)

253–275.    Paragraphs 253–275 assert legal conclusions as part of a claim against Mylan that do not require a response from Express Scripts. To the extent a

response is required, Express Scripts lacks knowledge or information sufficient to form a belief about the truth of these paragraphs.

## DEMAND FOR JUDGMENT

Express Scripts denies that Plaintiffs are entitled to any judgment, class certification, damages, costs of suit, attorneys' fees, or other relief.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Express Scripts demands a trial by jury on Counts One and Two.

## AFFIRMATIVE DEFENSES

Express Scripts states the following defenses to Plaintiffs' claims. By raising these defenses, Express Scripts does not assume any burden of proof that applicable law may place on other parties.

1.      Plaintiffs lack standing under Article III of the U.S. Constitution.

2.      Plaintiffs' claims are barred, in whole or in part, because Express Scripts does not owe fiduciary duties or duties of fidelity to its clients with respect to the conduct at issue.

3.      Plaintiffs' claims are barred, in whole or in part, because Express Scripts has not breached any fiduciary duties or duties of fidelity to its clients with respect to the conduct at issue.

4.      Plaintiffs' claims are barred, in whole or in part, because their re-selling of EpiPens to pharmacies at a mark up caused PBMs and their clients to pay more for

EpiPens, which forecloses Plaintiffs from claiming that it was the PBMs that caused their clients to pay too much for EpiPens.

5.      Plaintiffs' claims are barred, in whole or in part, because the payments they claim violate the federal Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b)(2)) are protected by statutory and regulatory safe harbors.

6.      Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs' alleged injuries do not fall within the statutory zone of interests protected by RICO and were not proximately caused by violations thereof.

7.      Plaintiffs' claims are barred, in whole or in part, because the relief sought is not available under Section 1964(c) of RICO.

8.      Plaintiffs' claims of alleged violations of state bribery laws are barred, in whole or in part, because no named plaintiff has standing to sue under each state law.

9.      Plaintiffs' claims are barred, in whole or in part, because any injury they suffered was caused by parties other than Express Scripts.

10.     Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages.

11.     Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are too remote or speculative to allow recovery.

12.     Plaintiffs' claims are barred, in whole or in part, because any alleged overcharge was passed on to, or absorbed by, a third party.

13.     If Plaintiffs are entitled to recover any damages, any award as against Express Scripts must be reduced, diminished, and/or barred in proportion to the conduct

of persons or entities for which Express Scripts has no responsibility and does not control.

14.    Plaintiffs' claims are time-barred, in whole or in part, by the statute of limitations applicable to RICO claims.

15.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

16.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of in pari delicto.

17.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

18.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

19.    Plaintiffs' claims are barred, in whole or in part, because any recovery from Express Scripts would result in Plaintiffs' unjust enrichment.

20.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver.

21.    Express Scripts expressly reserves the right to assert additional affirmative defenses based on facts uncovered during discovery.

## EXPRESS SCRIPTS' PRAYER FOR RELIEF

Express Scripts prays that this Court enters judgment dismissing Plaintiffs' Consolidated Class Action Complaint with prejudice and grants such other relief as it deems just and appropriate, including costs and reasonable attorneys' fees.

Dated: March 1, 2021

SPENCER FANE LLP

By: *Jessica J. Nelson*
    Donald G. Heeman, #286023
    Jessica J. Nelson, #347358
    Randi J. Winter, #0391354
    SPENCER FANE LLP
    100 South Fifth Street, Suite 2500
    Minneapolis, MN 55402
    Telephone: (612) 268-7000
    Facsimile: (612) 268-7001
    dheeman@spencerfane.com
    jnelson@spencerfane.com
    rwinter@spencerfane.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
    Michael Lyle (*pro hac vice*)
    Jonathan Cooper (*pro hac vice*)
    Eric C. Lyttle (*pro hac vice*)
    Carolyn L. Hart (*pro hac vice*)
    QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
    1300 I Street, NW, Suite 900
    Washington, D.C. 20005
    Telephone: (202) 538-8000
    Facsimile: (202) 538-8100
    mikelyle@quinnemanuel.com
    jonathancooper@quinnemanuel.com
    ericlyttle@quinnemanuel.com
    carolynhart@quinnemanuel.com

*Attorneys for Defendants Express Scripts, Inc. and Medco Health Solutions, Inc.*