# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

In re: EpiPen Direct Purchaser Litigation

THIS DOCUMENT RELATES TO:
All Direct Purchaser Actions

Case No. 0:20-cv-00827-ECT-TNL

## ANSWER AND AFFIRMATIVE DEFENSES OF THE MYLAN DEFENDANTS TO CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Mylan Inc. and Mylan Specialty L.P. (collectively, "Mylan" or "the Mylan Defendants"), by and through their attorneys, Hogan Lovells US LLP, hereby answer the Consolidated Class Action Complaint ("Complaint") as follows:

## I. INTRODUCTION[1]

1.      Mylan denies the allegations contained in Paragraph 1, including the allegations in footnote 1.

2.      Mylan admits the first sentence of Paragraph 2.  Mylan further admits that Mylan Specialty L.P. has the right and license to market and distribute EpiPen devices in the United States.  Mylan denies the remaining allegations in Paragraph 2.

3.      Mylan denies the allegations contained in Paragraph 3.

4.      Mylan admits that it negotiates with PBMs regarding rebates.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

---

[1] To the extent that any of the Complaint's headings or footnotes constitute factual allegations, Mylan specifically denies each and every one of them.

Paragraph 4, including the allegations in footnote 2, and therefore denies the same.

5.     Mylan denies the allegations in Paragraph 5 insofar as they relate to Mylan. To the extent the allegations in Paragraph 5 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6.     Mylan denies the allegations in Paragraph 6 insofar as they relate to Mylan. To the extent the allegations in Paragraph 6 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7.     The allegations in Paragraph 7 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 7.

8.     The allegations in Paragraph 8 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

9.     Mylan denies the allegations contained in Paragraph 9.

10.     The allegations in Paragraph 10 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 10.

11.     Mylan admits that Plaintiffs directly purchased branded and/or generic EpiPen devices from Mylan, subject to the terms of their contracts.  Mylan denies the

remaining allegations in Paragraph 11.

12.     Paragraph 12 contains assertions regarding the Complaint itself to which no response is required.  To the extent that a response is deemed required, Mylan states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the same.

## II. PARTIES

13.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the first sentence in Paragraph 13, and therefore denies the same.  Mylan admits in the second sentence of Paragraph 13 that Plaintiff Rochester Drug Co-Operative, Inc. directly purchased branded and/or generic EpiPen devices from Mylan, but denies that Plaintiff suffered any injury as a result.  Mylan denies the remaining allegations in Paragraph 13.

14.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the first sentence in Paragraph 14, and therefore denies the same.  Mylan admits in the second sentence of Paragraph 14 that Plaintiff Dakota Drug, Inc. directly purchased branded and/or generic EpiPen devices from Mylan, but denies that Plaintiff suffered any injury as a result.  Mylan denies the remaining allegations in Paragraph 14.

15.     Mylan admits that Mylan Inc.'s principal place of business is 1000 Mylan Boulevard, Canonsburg, Pennsylvania 15317.  Mylan further admits that Mylan Specialty L.P. holds the rights to the trademarked EpiPen brand name and that Mylan Inc. acquired Dey L.P. as part of a corporate transaction in 2007.  Mylan denies the remaining allegations in Paragraph 15.

16.     Mylan admits the first and fourth sentences of Paragraph 16.  Mylan admits that Mylan Specialty L.P. is a wholly owned indirect subsidiary of Mylan Inc.  Mylan admits that the third sentence of Paragraph 16 purports to quote press releases, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan admits that Mylan Specialty L.P. was headquartered in Basking Ridge, New Jersey from September 2009 to June 2013.  Mylan denies the remaining allegations in Paragraph 16.

17.     Mylan admits that Plaintiffs purport to refer to Mylan Inc. and Mylan Specialty L.P. as "Mylan."  Mylan denies the remaining allegations in Paragraph 17.

18.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.

19.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the same.

21.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies the same.

23.     Mylan admits that Plaintiffs purport to refer to CVS Health Corporation, CaremarkPCS Health, L.L.C., Caremark L.L.C., and Caremark Rx L.L.C. as "CVS Caremark."  Mylan denies the remaining allegations in Paragraph 23.

24.     Mylan lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 24, and therefore denies the same.

25.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies the same.

26.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the same.

27.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same.

28.     Mylan admits that Plaintiffs purport to refer to Express Scripts Holding Company, Express Scripts, Inc., and Medco Health Solutions, Inc. as "Express Scripts." Mylan denies the remaining allegations in Paragraph 28.

29.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the same.

30.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies the same.

31.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies the same.

32.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the same.

33.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies the same.

34.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies the same.

35.     Mylan admits that Plaintiffs purport to refer to United Health Group Incorporated, United Healthcare Services, Inc., Optum, Inc., OptumRx Holdings, LLC, and OptumRx, Inc. as "OptumRx."  Mylan denies the remaining allegations in Paragraph 35.

36.     Mylan denies the allegations in Paragraph 36 insofar as they relate to Mylan. To the extent the allegations in Paragraph 36 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies the same.

## III. JURISDICTION AND VENUE

37.     Paragraph 37 contains legal assertions relating to jurisdiction as to which no response is required.  To the extent a response is deemed required, Mylan denies the same.

38.     Paragraph 38 contains legal assertions relating to venue as to which no response is required.  To the extent a response is deemed required, Mylan denies the same. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and therefore denies the same.

39.     Paragraph 39 contains legal assertions relating to jurisdiction as to which no response is required.  To the extent a response is deemed required, Mylan denies the same.

## IV. FACTUAL ALLEGATIONS

### A. Epinephrine Auto-Injector Products

40.     Mylan admits the first two sentences of Paragraph 40.  Mylan further admits that the remaining allegations purport to reference an article, Heather Bresch's September 21, 2016 statement to Congress, and Mylan's September 8, 2016 letter to Senator Charles E. Grassley in footnotes 3-5, which Mylan states speak for themselves, and all

characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 40.

41.     Mylan admits the first three sentences of Paragraph 41.  Mylan denies the fourth sentence of Paragraph 41; patients at risk for anaphylaxis should carry at least two EAI devices.  Mylan admits the fifth sentence of Paragraph 41.

42.     Mylan admits that Paragraph 42 purports to reference two articles and an SEC filing in footnotes 6-8, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan admits the third sentence in Paragraph 42 and denies all remaining allegations.

43.     Mylan admits Paragraph 43 purports to reference a press release, cited in footnote 9, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan admits that there have been other competitors to EpiPen products, which have been sold at various times.  Mylan denies the remaining allegations contained in Paragraph 43.

## B. The Prescription Drug Selection And Distribution System

### 1. The Prescription Drug Distribution Chain

44.     Mylan admits that, as a general matter, pharmaceutical companies may develop, manufacture, market, and sell prescription drugs.  Mylan denies the remaining allegations in paragraph 44.

45.     Mylan admits that it sells EpiPen devices to wholesalers subject to the terms of its contracts with the wholesalers, including any discounts.  Mylan states that these contracts speak for themselves and denies any characterizations thereof.  Mylan denies the

remaining allegations in Paragraph 45.

46.     Mylan admits that the Average Wholesale Price ("AWP") is a pricing point in the pharmaceutical industry.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and therefore denies the same.

47.     Mylan admits that the price that patients pay for prescription drugs varies depending on multiple factors, including insurance coverage.  Mylan admits that Paragraph 47 purports to reference a letter, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, including the allegations in footnote 10, and therefore denies the same.

48.     Mylan admits that formularies may include lists of prescription drugs and that formulary structure can vary considerably.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and therefore denies the same.

49.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies the same.

50.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies the same.

**2. PBMs' Role In The Drug Selection And Dispensing Process**

51.     Mylan admits that PBMs administer prescription drug benefits. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 51, and therefore denies the same.

52.      Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies the same.

53.      Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies the same.

### a) PBMs' Role In Negotiating Rebates With Manufacturers

54.      Mylan admits that it negotiates with PBMs regarding rebates.  Mylan denies the remaining allegations in Paragraph 54 insofar as they relate to Mylan.  To the extent the remaining allegations relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies the same.

55.      Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies the same.

56.      Mylan admits that Paragraph 56 purports to cite the Medicare Modernization Act, which Mylan states speaks for itself, and all characterizations thereof are denied. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56, and therefore denies the same.

57.      Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, including the allegations in footnote 16, and therefore denies the same.

58.      Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies the same.

59.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies the same.

60.     Mylan admits that PBMs negotiate rebates with drug manufacturers.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, and therefore denies the same.

61.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies the same.

62.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies the same.

63.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore denies the same.

### b) PBMS' Role In Designing Formularies

64.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore denies the same.

65.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies the same.

66.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies the same.

67.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies the same.

68.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies the same.

69.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies the same.

70.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 70, and therefore denies the same.

71.     Mylan denies the allegations in Paragraph 71 insofar as they relate to Mylan. To the extent the allegations in Paragraph 71 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies the same.

72.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies the same.

73.     Mylan admits that Paragraph 73 purports to cite a presentation, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 73 insofar as they relate to Mylan.  To the extent the remaining allegations in Paragraph 73 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies the same.

74.     Mylan admits that the structure of many PBM formularies has changed over time.  Mylan admits that Paragraph 74 purports to cite an article, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and therefore denies the same.

75.     Mylan admits the first sentence of Paragraph 75.  Mylan admits that

paragraph 75 purports to cite five articles in footnotes 30-31, which Mylan states speak for themselves, and all characterizations thereof are denied. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75, and therefore denies the same.

76.   Mylan admits that it negotiates with PBMs regarding rebates. Mylan admits that Paragraph 76 purports to reference two articles, which Mylan states speak for themselves, and all characterizations thereof are denied. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and therefore denies the same.

77.   Mylan admits that Paragraph 77 purports to cite an article, which Mylan states speaks for itself, and all characterizations thereof are denied. Mylan denies the remaining allegations in Paragraph 77 insofar as they relate to Mylan. To the extent the remaining allegations in Paragraph 77 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies the same.

78.   Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore denies the same.

### c) PBMs Have Discretion, Authority And Control Over How Much Of The Manufacturer Payments They Keep, And How Much They Pass On To Health Plans And When

79.   Mylan admits that Paragraph 79 purports to cite two articles, which Mylan states speak for themselves, and all characterizations thereof are denied. Mylan denies the remaining allegations in Paragraph 79 insofar as they relate to Mylan. To the extent the

remaining allegations in Paragraph 79 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies the same.

80.     Mylan denies the allegations in Paragraph 80 insofar as they relate to Mylan. To the extent the allegations in Paragraph 80 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies the same.

81.     Mylan admits Paragraph 81 purports to cite two articles and a document identified as a "template contract," which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 81 insofar as they relate to Mylan.  To the extent the remaining allegations in Paragraph 81 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies the same.

82.     Mylan admits that Paragraph 82 purports to cite an article, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82, and therefore denies the same.

83.     Mylan admits that Paragraph 83 purports to cite an article, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83, and therefore denies the same.

84.     Mylan admits that Paragraph 84 purports to cite an article, which Mylan

states speaks for itself, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84, and therefore denies the same.

85.     Mylan admits that Paragraph 85 purports to reference two documents, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85, and therefore denies the same.

86.     Mylan admits that Paragraph 86 purports to cite an article in footnote 46 and website in footnote 47, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 86 insofar as they relate to Mylan.  To the extent the remaining allegations in Paragraph 86 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies the same, including the allegations in footnote 47.

87.     Mylan admits that Paragraph 87, including footnote 50, purports to cite a report, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 87 insofar as they relate to Mylan.  To the extent the remaining allegations in Paragraph 87 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies the same.

88.     Mylan admits that Paragraph 88 purports to cite a report, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan denies the remaining

allegations in Paragraph 88 insofar as they relate to Mylan. To the extent the remaining allegations in Paragraph 88 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies the same.

89. Mylan denies the allegations in Paragraph 89 insofar as they relate to Mylan. To the extent the allegations in Paragraph 89 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies the same.

90. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies the same.

91. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore denies the same.

### d) The PBMS Are Supposed To Act For Their Clients' Benefit and Further Their Clients' Interests in Lowering Drug Costs.

92. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore denies the same.

93. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore denies the same.

94. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore denies the same.

95. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore denies the same.

96.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore denies the same.

97.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore denies the same.

98.     Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore denies the same.

**C. Mylan Paid Bribes And Kickbacks To Defendant PBMs To Impede Competition And Maintain Its Ability To Charge Supra-Competitive Prices**

    **1. The Defendant PBMs Are Ripe Targets To Be Bribed To Use Their Formulary Control To Favor Higher-Priced Drugs**

99.     Mylan denies the allegations in Paragraph 99 insofar as they relate to Mylan. To the extent the allegations in Paragraph 99 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies the same.

100.    Mylan denies the allegations in Paragraph 100 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 100 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies the same.

101.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore denies the same.

102.    Mylan admits that Paragraph 102 purports to cite two articles, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 102 insofar as they relate to Mylan.  To the extent the

remaining allegations in Paragraph 102 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies the same.

103.   Mylan denies the allegations in Paragraph 103 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 103 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies the same.

104.   Mylan admits that Paragraph 104 purports to reference a speech, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 104 insofar as they relate to Mylan.  To the extent the remaining allegations in Paragraph 104 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore denies the same.

105.   Mylan admits that Paragraph 105 purports to cite a letter and two articles in footnotes 61-62, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and therefore denies the same.

106.   Mylan admits that Paragraph 106 purports to reference two documents, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106, and therefore denies the same.

107.   Mylan admits that Paragraph 107 purports to cite an article in footnote 64,

which speaks for itself, and all characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 107 insofar as they relate to Mylan.  To the extent the remaining allegations in Paragraph 107 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies the same.

108.   Mylan admits that Paragraph 108 purports to cite commentary to a proposed rule, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, and therefore denies the same.

109.   Mylan admits that Paragraph 109 purports to reference a letter, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109, and therefore denies the same.

110.   Mylan admits that Paragraph 110 purports to cite testimony in footnote 68 and a letter in footnote 69, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110, and therefore denies the same, including the allegations in footnote 68.

**2. Mylan Paid Bribes To The Defendant PBMs To Eliminate The Price-Curbing Effects Of Competition**

111.   Mylan admits that there have been other competitors to EpiPen products, which have been sold at various times.  Mylan lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 111, and therefore denies the same.

112.   Mylan admits that there have been other competitors to EpiPen products, which have been sold at various times.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112, and therefore denies the same.

113.   Mylan admits that there have been other competitors to EpiPen products, which have been sold at various times.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113, and therefore denies the same.

114.   Mylan admits that Paragraph 114 purports to reference an earnings call, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan denies the remaining allegations contained in Paragraph 114.

115.   Mylan admits that Paragraph 115 purports to reference 2019 court filings in an antitrust suit between Mylan and Sanofi, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan avers that the U.S. District Court for the District of Kansas granted in full Mylan's motion for summary judgment on all claims in that litigation.   Mylan denies the remaining allegations contained in Paragraph 115, including the allegations in footnote 71.

116.   Mylan admits that Paragraph 116 purports to reference 2019 court filings in an antitrust suit between Mylan and Sanofi, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan avers that the U.S. District Court for the

District of Kansas granted in full Mylan's motion for summary judgment on all claims in that litigation.  Mylan denies the remaining allegations contained in Paragraph 116, including the allegations in footnotes 72-73.

117.   Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies the same.

**D. After Using Bribes And Kickbacks To Eliminate Defendant PBMs' Incentives To Curb Mylan's Pricing Power, Mylan Aggressively Raised EpiPen Prices**

118.   Mylan denies the allegations in Paragraph 118 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 118 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies the same.

119.   Mylan admits that the wholesale acquisition cost for EpiPen products increased from time to time from 2007 to 2016.  Mylan further states that the changes in WAC are a matter of public record and speak for themselves.  Mylan denies the remaining allegations contained in Paragraph 119.

120.   Mylan denies the allegations contained in Paragraph 120.

121.   Mylan admits that Paragraph 121 purports to cite the Congressional testimony of former Mylan CEO Heather Bresch and an article, which Mylan states speak for themselves, and all characterizations thereof are denied.  Mylan denies the remaining allegations contained in Paragraph 121.

122.   Mylan denies the allegations contained in Paragraph 122.

123.   Mylan admits that Paragraph 123 purports to cite the September 26, 2016

Mylan Form 8-K, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan denies the remaining allegations contained in Paragraph 123.

124.   Mylan denies the allegations contained in Paragraph 124.

125.   Mylan denies the allegations contained in Paragraph 125.

126.   Mylan denies the allegations contained in Paragraph 126.

127.   The allegations in Paragraph 127 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 127.

## V. FRAUDULENT CONCEALMENT AND TOLLING

### A. Lack of Transparency In PBM Contracts With Drug Companies Conceals The Details Of Mylan's Bribery And Kickback Conduct

128.   Mylan admits that Paragraph 128 purports to cite an article in footnote 76, which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 128 insofar as they relate to Mylan.  To the extent the remaining allegations in Paragraph 128 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and therefore denies the same.

129.   Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore denies the same.

130.   Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and therefore denies the same.

131.   Mylan lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 131, and therefore denies the same.

132.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and therefore denies the same.

133.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and therefore denies the same.

134.    Mylan denies the allegations in Paragraph 134 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 134 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore denies the same.

135.    Mylan denies the allegations in Paragraph 135 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 135 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and therefore denies the same.

136.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and therefore denies the same.

137.    Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and therefore denies the same.

**B. Discovery Rule Tolling**

138.    Mylan denies the allegations in the first sentence of Paragraph 138.  Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 138, and therefore denies the same.

139.    Mylan denies the allegations contained in Paragraph 139.

140.    Mylan denies the allegations contained in Paragraph 140.

141.    The allegations in Paragraph 141 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 141.

142.    The allegations in Paragraph 142 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 142.

**C. Fraudulent Concealment Tolling**

143.    The allegations in Paragraph 143 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 143.

<u>**VI. CLASS ACTION ALLEGATIONS**</u>

144.    Mylan admits that Plaintiffs purport to bring this action on behalf of a proposed class pursuant to Fed. R. Civ. P. 23, but denies that they are entitled to bring this action on a class basis and that they are entitled to any relief.

145.    The allegations in Paragraph 145 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 145.

146.    The allegations in Paragraph 146 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 146.

147.    The allegations in Paragraph 147 state legal conclusions to which no

response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 147.

148.   The allegations in Paragraph 148 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 148.

149.   Paragraph 149 contains assertions regarding Plaintiffs' counsel to which no response is required.   To the extent that a response is deemed required, Mylan states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore denies the same.

150.   The allegations in Paragraph 150 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 150.

151.   The allegations in Paragraph 151 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 151, including the allegations contained in each of its subparts.

152.   The allegations in Paragraph 152 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 152.

153.   The allegations in Paragraph 153 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 153.

## VII. CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT ("RICO"), 18 U.S.C. § 1962(c)
(Against All Defendants)

154.    In response to Paragraph 154, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

155.    The allegations in Paragraph 155 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan states that the allegations in Paragraph 155 appear to be based on 18 U.S.C. § 1962(c), which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 155.

156.    The allegations in Paragraph 156 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 156 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 156 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore denies the same.

157.    The allegations in Paragraph 157 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 157 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 157 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and therefore

denies the same.

158.    The allegations in Paragraph 158 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan states that the allegations in Paragraph 158 appear to be based on 18 U.S.C. § 1961(4), which Mylan states speaks for itself, and all characterizations thereof are denied.  Mylan denies the remaining allegations in Paragraph 158.

159.    The allegations in Paragraph 159 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 160.

**A. THE MYLAN-PBM EPIPEN PRICING RICO ENTERPRISES**

161.    The allegations in Paragraph 161 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 161.

162.    The allegations in Paragraph 162 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 162.

163.    The allegations in Paragraph 163 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 163.

164.   The allegations in Paragraph 164 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 164.

165.   The allegations in Paragraph 165 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 165.

166.   The allegations in Paragraph 166 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 166.

167.   The allegations in Paragraph 167 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 167.

168.   Mylan admits the second sentence of Paragraph 168 insofar as it relates to Mylan.  The remaining allegations in Paragraph 168 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 168.

169.   Mylan denies the allegations in Paragraph 169 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 169 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore denies the same.

170.   Mylan denies the allegations in Paragraph 170 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 170 relate to the PBM Defendants,

Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore denies the same.

171.    Mylan denies the allegations in Paragraph 171 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 171 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore denies the same.

172.    Mylan denies the allegations contained in Paragraph 172.

173.    Mylan denies the allegations contained in Paragraph 173.

174.    Mylan denies the allegations contained in Paragraph 174.

175.    The allegations in Paragraph 175 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 175,  including the allegations in each of its subparts.

176.    Mylan denies the allegations in Paragraph 176 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 176 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore denies the same.

177.    The allegations in Paragraph 177 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 177.

178.    Mylan denies the allegations contained in Paragraph 178.

**B.   USE   OF   THE   U.S.   MAILS   AND   INTERSTATE   WIRE FACILITIES/INTERSTATE COMMERCE**

179.   Mylan denies the allegations contained in Paragraph 179.

180.   The allegations in Paragraph 180 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 180.

181.   Mylan denies the allegations contained in Paragraph 181.

182.   Mylan denies the allegations contained in Paragraph 182.

183.   Mylan denies the allegations contained in Paragraph 183,   including the allegations in each of its subparts.

**C. CONDUCT OF THE RICO ENTERPRISES' AFFAIRS**

184.   The allegations in Paragraph 184 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 184, including the allegations in each of its subparts.

185.   The allegations in Paragraph 185 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and therefore denies the same, including the allegations in each of its subparts.

**D. PATTERN OF RACKETEERING ACTIVITY**

186.   The allegations in Paragraph 186 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 186.

187.   Mylan denies the allegations contained in Paragraph 187.

188.   The allegations in Paragraph 188 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 188.

189.   The allegations in Paragraph 189 legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 189.

**1. Violation Of State Bribery Laws**

190.   The allegations in Paragraph 190 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 190.

191.   The allegations in Paragraph 191 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and therefore denies the same.

192.   The allegations in Paragraph 192 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 192.

193.   The allegations in Paragraph 193 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 193.

194.   The allegations in Paragraph 194 state legal conclusions to which no

response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 194.

195.   The allegations in Paragraph 195 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 195.

196.   The allegations in Paragraph 196 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 196.

197.   The allegations in Paragraph 197 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 197.

198.   The allegations in Paragraph 198 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 198.

199.   The allegations in Paragraph 199 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 199.

200.   The allegations in Paragraph 200 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 200.

201.   The allegations in Paragraph 201 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the

allegations in Paragraph 201.

202.   The allegations in Paragraph 202 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 202.

203.   The allegations in Paragraph 203 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 203.

**2. Violation Of The Travel Act: Unlawful Activity Of Bribery Under State Law**

204.   The allegations in Paragraph 204 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 204.

205.   The allegations in Paragraph 205 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 205.

206.   The allegations in Paragraph 206 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 206.

207.   The allegations in Paragraph 207 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 207.

208.   The allegations in Paragraph 208 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the

allegations in Paragraph 208.

209.   The allegations in Paragraph 209 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 209.

210.   The allegations in Paragraph 210 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 210.

211.   The allegations in Paragraph 211 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 211.

212.   The allegations in Paragraph 212 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 212.

213.   The allegations in Paragraph 213 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 213.

214.   The allegations in Paragraph 214 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 214.

215.   The allegations in Paragraph 215 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 215.

216.    The allegations in Paragraph 216 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 216.

217.    The allegations in Paragraph 217 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 217.

218.    The allegations in Paragraph 218 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 218.

**3. Violation Of The Travel Act: Unlawful Bribery Under The Anti-Kickback Act**

219.    The allegations in Paragraph 219 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 219.

220.    The allegations in Paragraph 220 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 220.

221.    The allegations in Paragraph 221 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 221.

222.    The allegations in Paragraph 222 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the

allegations in Paragraph 222.

223.   The allegations in Paragraph 223 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 223.

### 4. Mail And Wire Fraud: Deprivation Of Honest Services

224.   The allegations in Paragraph 224 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 224.

225.   The allegations in Paragraph 225 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 225.

226.   The allegations in Paragraph 226 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 226 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 226 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 and therefore denies the same.

227.   Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227, and therefore denies the same.

228.   Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228. and therefore denies the same.

229.   The allegations in Paragraph 229 state legal conclusions to which no

response is required.  To the extent a response is deemed required, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 and therefore denies the same.

230.   Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230, and therefore denies the same.

231.   Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231, and therefore denies the same.

**5. Mail Fraud**

232.   The allegations in Paragraph 232 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 232.

233.   The allegations in Paragraph 233 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 233.

**6. Wire Fraud**

234.   The allegations in Paragraph 234 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 234 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 234 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and therefore denies the same.

235.   The allegations in Paragraph 235 state legal conclusions to which no

response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 235.

**F. HARM CAUSED BY THE SCHEME**

236.    The allegations in Paragraph 236 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 236.

237.    Mylan denies the allegations contained in Paragraph 237.

238.    Mylan denies the allegations in Paragraph 238 insofar as they relate to Mylan.  To the extent that the allegations in Paragraph 238 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and therefore denies the same.

239.    Mylan denies the allegations contained in Paragraph 239.

240.    Mylan denies the allegations contained in Paragraph 240.

241.    The allegations in Paragraph 241 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 241 insofar as they relate to Mylan.  To the extent the allegations in Paragraph 241 relate to the PBM Defendants, Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and therefore denies the same.

242.    The allegations in Paragraph 242 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 242.

243.    The allegations in Paragraph 243 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 243.

244.    The allegations in Paragraph 244 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 244.

## COUNT TWO

### VIOLATIONS OF RICO, 18 U.S.C. § 1962(d)
### BY CONSPIRING TO VIOLATE 18 U.S.C. § 1962(c)
(Against All Defendants)

245.    In response to Paragraph 245, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

246.    The allegations in Paragraph 246 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan states that Paragraph 246 purports to quote 18 U.S.C. § 1962(d), which Mylan states speaks for itself, and all characterizations thereof are denied.

247.    The allegations in Paragraph 247 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 247.

248.    The allegations in Paragraph 248 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 248.

249.    The allegations in Paragraph 249 state legal conclusions to which no

response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 249.

250.    The allegations in Paragraph 250 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 250, including the allegations in each of its subparts.

251.    The allegations in Paragraph 251 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 251.

252.    The allegations in Paragraph 252 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 252.

## COUNT THREE

### VIOLATIONS OF SHERMAN ACT, 15 U.S.C. § 2
### MONOPOLIZATION
(Against Mylan Only)

253.    In response to Paragraph 253, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

254.    The allegations in Paragraph 254 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 254.

255.    The allegations in Paragraph 255 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 255.

256.    The allegations in Paragraph 256 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 256.

257.    The allegations in Paragraph 257 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 257.

258.    The allegations in Paragraph 258 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 258.

259.    Mylan admits that epinephrine auto-injector ("EAI") drug devices are sold in interstate commerce.  Mylan denies the remaining allegations contained in Paragraph 259.

260.    The allegations in Paragraph 260 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan admits that EAI drug devices are sold in interstate commerce, but denies the remaining allegations in Paragraph 260.

261.    The allegations in Paragraph 261 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 261.

262.    The allegations in Paragraph 262 state legal conclusions to which no response is required.   To the extent a response is deemed required, Mylan denies the allegations in Paragraph 262.

263.    The allegations in Paragraph 263 state legal conclusions to which no

response is required. To the extent a response is deemed required, Mylan denies the allegations in Paragraph 263.

264. The allegations in Paragraph 264 state legal conclusions to which no response is required. To the extent a response is deemed required, Mylan denies the allegations in Paragraph 264.

265. The allegations in Paragraph 265 state legal conclusions to which no response is required. To the extent a response is deemed required, Mylan denies the allegations in Paragraph 265.

266. The allegations in Paragraph 266 state legal conclusions to which no response is required. To the extent a response is deemed required, Mylan denies the allegations in Paragraph 266.

267. The allegations in Paragraph 267 state legal conclusions to which no response is required. To the extent a response is deemed required, Mylan denies the allegations in Paragraph 267.

268. The allegations in Paragraph 268 state legal conclusions to which no response is required. To the extent a response is deemed required, Mylan denies the allegations in Paragraph 268.

269. The allegations in Paragraph 269 state legal conclusions to which no response is required. To the extent a response is deemed required, Mylan denies the allegations in Paragraph 269.

270. The allegations in Paragraph 270 state legal conclusions to which no response is required. To the extent a response is deemed required, Mylan denies the

allegations in Paragraph 270.

271.   The allegations in Paragraph 271 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 271.

272.   The allegations in Paragraph 272 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 272.

273.   The allegations in Paragraph 273 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 273.

274.   The allegations in Paragraph 274 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 274.

275.   The allegations in Paragraph 275 state legal conclusions to which no response is required.  To the extent a response is deemed required, Mylan denies the allegations in Paragraph 275.

## DEMAND FOR JUDGMENT

Mylan denies that Plaintiffs are entitled to any relief.  To the extent Mylan has not specifically admitted any allegation herein, it is denied.  Further, Mylan states that it is entitled to any relief that this Court may deem just or appropriate, in equity or at law.

## JURY DEMAND

Mylan admits that Plaintiffs purport to demand a jury trial.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, subject to discovery, based on information and belief, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, Mylan asserts the following additional affirmative defenses:

1.     The Complaint fails to state a claim upon which relief can be granted against Mylan under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Section 2 of the Sherman Act because, among other things: (1) Plaintiffs fail to allege the existence of a RICO enterprise; (2) Plaintiffs do not adequately allege that Defendants conducted the affairs of the alleged RICO enterprise(s); (3) Plaintiffs fail to adequately allege racketeering activity, including but not limited to their failure to plead mail and wire fraud, their failure to allege violation of the Travel Act through the Anti-Kickback Statute, and their failure to allege violation of state bribery statutes; (4) Plaintiffs fail to plead that they were injured by reason of a RICO violation; (5) Plaintiffs fail to state a RICO conspiracy claim; (6) Plaintiffs' alleged product market fails; (7) Plaintiffs fail to allege antitrust injury; (8) Plaintiffs fail to allege anticompetitive conduct, including but not limited to the fact that their alleged above-cost price discounting does not violate the Sherman Act, their failure to allege foreclosure of other EAI products, and the fact that their allegations regarding other statutes fail to state a Sherman Act claim; (9) Plaintiffs' claims are time-barred; and (10) Plaintiffs have alleged nothing more than the fact that Mylan and the PBM Defendants engaged in arms' length negotiations that were and continue to be standard in the pharmaceutical industry.

2.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, as direct purchasers of EpiPen devices, benefit from price increases and profit off any alleged overcharges, and therefore have not suffered any injury.

3.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damage, or because the alleged damages of Plaintiffs, if any, are speculative and uncertain.

4.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing, statutory standing, and/or injury in fact.

5.      Plaintiffs' RICO claims are barred because they exceed four years from the date of filing of the Complaint.

6.      Plaintiffs' Sherman Act claims are barred because they exceed four years from the date of filing of the Complaint.

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

8.      Plaintiffs' claims are barred, in whole or in part, due to the ratification of, and consent to, the conduct of Mylan.

9.      Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages either were not legally or proximately caused by any act or omission of Mylan or were caused, if at all, solely and proximately by Plaintiffs' conduct or by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of Plaintiffs or such third parties.

10.      Any damage, loss, or liability sustained by Plaintiffs must be reduced,

diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Mylan, including other parties in this case and/or third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, contributory negligence, comparative negligence, and/or comparative fault.

11.     Plaintiffs lack standing to bring any RICO claims because they have not been injured "by reason of a violation of [RICO]," 18 U.S.C. § 1964(c), which requires that a RICO predicate act be "not only [the] 'but for' cause of [the] injury, but was the proximate cause as well." *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010).

12.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to exercise reasonable care to mitigate any damages they may have suffered.

13.     Plaintiffs' claims are barred, in whole or in part, because they have already passed on any damages by reselling EpiPen devices and passing on any purported price increases to their customers.

14.     Plaintiffs' claims are barred, in whole or in part, because Mylan's activities conformed with all applicable state and federal statutes, regulations, and industry standards.

15.     Plaintiffs' claims are barred, in whole or in part, because Mylan did not misrepresent or conceal any fact material to Plaintiffs.

16.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to identify any specific false, fraudulent or fictitious representation or omission made by Mylan to Plaintiffs.

17.     Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' own

knowledge of the information that Plaintiffs allege that Mylan concealed or misrepresented.

18.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to plead with the required particularity the circumstances constituting alleged fraud or fraudulent concealment.

19.     Plaintiffs' claims are barred, in whole or in part, because Mylan's conduct fell within the statutory and regulatory safe harbors of the federal Anti-Kickback Statute.

20.     Plaintiffs' claims are barred, in whole or in part, because Mylan's conduct fell within the statutory safe harbors of the state bribery and anti-kickback laws.

21.     The procompetitive benefits of Mylan's alleged conduct substantially outweigh its purportedly anticompetitive effects.  Any and all of the actions of the Mylan Defendants alleged by Plaintiffs were unilateral, lawful, justified, procompetitive, carried out in furtherance of independent legitimate business interests, and constitute bona fide business competition.

22.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' active and knowing acquiescence, equal involvement, and participation in the creation and origination of the restraints of trade alleged in the Complaint.

23.     The acts or omissions of Mylan did not substantially lessen competition in any properly defined market.

24.     To the extent any of Plaintiffs' claims are based on conduct that was taken pursuant to a "clearly articulated and affirmatively expressed . . . state policy" that is "'actively supervised' by the State itself," Mylan is immune from antitrust liability under

the state action doctrine.  *Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 105 (1980) (citation omitted).

25.     Plaintiffs' claims are barred, in whole or in part, because Mylan's statements, labeling, marketing materials, and pricing were not false or misleading, and therefore, constitute protected commercial speech under the First Amendment to the United States Constitution.

26.     To the extent any of Plaintiffs' claims are based on government petitioning activity by Mylan, Mylan is immune from antitrust liability under the *Noerr-Pennington* doctrine.  *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 56-60 (1993).

27.     Plaintiffs' claims are barred, in whole or in part, because they are preempted by federal law.

28.     Plaintiffs' claims are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

29.     Plaintiffs' claims and those of anyone they purport to represent are barred to the extent they have been released through settlement in any prior litigation.

30.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs are subject to alternative dispute resolution clauses of any kind.

31.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs entered into cost-plus contracts with parties who purchased from Plaintiffs before Plaintiffs began paying any purported overcharge.

32.     To the extent that Plaintiffs' claims are based on a theory providing for

liability without proof of causation, the claims violate Mylan's rights under the United States Constitution.

33.     To the extent that Plaintiffs seek injunctive relief, Plaintiffs' claims are barred because Plaintiffs are not at risk of suffering irreparable harm.

34.     Should Mylan be held liable to Plaintiffs, which liability is specifically denied, Mylan would be entitled to a set-off for the total of all amounts paid to Plaintiffs from all collateral sources.

35.     Without admitting the existence of any contract, combination or conspiracy in restraint of trade, and expressly denying the same, Plaintiffs' claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

36.     To the extent that Plaintiffs seek punitive damages, Plaintiffs are not entitled to any award of punitive damages because there is no clear and convincing evidence that Mylan acted wantonly, recklessly, oppressively, with reckless indifference, with malice, or in any other manner justifying an award of punitive or exemplary damages.

37.     Plaintiffs' claims are barred to the extent Plaintiffs seek excessive statutory or punitive damages in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

38.     To the extent any relief sought by Plaintiffs would be duplicative of relief sought by Plaintiffs or other plaintiffs in other lawsuits, subjecting Mylan to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eight Amendments of the

48

United States Constitution.

39.     To the extent Plaintiffs' claims or the issues raised by Plaintiffs' claims are implicated by final judgments in other related litigation, Plaintiffs' claims are barred, in whole or in part, from any recovery under the doctrines of res judicata and/or collateral estoppel.

40.     Plaintiffs are not entitled to an award of costs, penalties, or attorney's fees under any theory alleged in the Complaint.

41.     Plaintiffs' claims on behalf of the putative classes, the existence of which Mylan expressly denies, are barred by Plaintiffs' failure to meet the requirements of Federal Rule of Civil Procedure 23.

42.     Plaintiffs' claims on behalf of the putative classes are barred because Plaintiffs are inadequate class representatives and cannot fulfill the requirements of Federal Rule of Civil Procedure 23.  In particular, Plaintiff Rochester Drug Co-Operative, Inc. is barred from serving as a class representative because of, among other things, its Chapter 11 bankruptcy, which creates a conflict of interest, and its indictment.

43.     Mylan adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to Mylan.

44.     Mylan affirmatively pleads and relies upon all defenses and affirmative defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure or in the statutes under which Plaintiffs have brought suit, that are or may hereafter become applicable to the claims made herein, and expressly reserves any and all other defenses, including affirmative defenses which may become apparent during the course of discovery.

45.     Mylan may have additional unique affirmative defenses applicable to different putative members of Plaintiffs' proposed class.  Mylan reserves the right to assert additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

46.     Mylan reserves the right to supplement this Answer with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend the Answer accordingly, up to and including the time of trial.

Dated: March 1, 2021                    Respectfully submitted,

                                        /s/  Adam K. Levin
                                        _____

                                        Adam K. Levin (DC #460362)
                                        David M. Foster (DC #497981)
                                        Charles A. Loughlin (DC #448219)
                                        Justin W. Bernick (DC # 988245)
                                        Carolyn A. DeLone (DC #1004476)
                                        Kathryn M. Ali (DC #994633)
                                        Katherine B. Wellington (DC #1049120)
                                        Christine A. Sifferman (DC #1613936)
                                        (Admitted *pro hac vice*)
                                        HOGAN LOVELLS US LLP
                                        555 13th Street, NW
                                        Washington, DC 20004
                                        Telephone: (202) 637-5600
                                        Fax: (202) 637-5910
                                        adam.levin@hoganlovells.com
                                        david.foster@hoganlovells.com
                                        chuck.loughlin@hoganlovells.com
                                        justin.bernick@hoganlovells.com
                                        carrie.delone@hoganlovells.com
                                        kathryn.ali@hoganlovells.com
                                        katherine.wellington@hoganlovells.com
                                        christine.sifferman@hoganlovells.com

Peter H. Walsh (MN #0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3000
Facsimile: (612) 339-5167
peter.walsh@hoganlovells.com

*Counsel for the Mylan Defendants*