## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: EpiPen Direct Purchaser Litigation

(This Document Applies to All Actions)

Case No. 20-CV-827 (ECT/JFD)

**ORDER ON DEFENDANT EXPRESS SCRIPTS' MOTION TO COMPEL DISCOVERY**

**FILED UNDER SEAL**

    This matter is before the Court on Defendants Express Scripts, Inc. and Medco Health Solutions, Inc.'s (collectively, "Defendant Express Scripts" or "Express Scripts") Motion to Compel Plaintiffs Rochester Drug Co-Operative, Inc. and Dakota Drug, Inc. (collectively, "Plaintiffs") to Answer Defendant's Interrogatory No. 3 (Dkt. No. 216).

    The Court held a motion hearing on Wednesday, October 20, 2021. Jonathan Cooper from Quinn Emanuel Urquhart & Sullivan LLP, and Jessica Nelson from Spencer Fane LLP, represented Defendant Express Scripts. Peter Kohn from Faruqi & Faruqi, LLP, Noah Silverman from Garwin Gerstein & Fisher LLP, and Susan Segura from Smith Segura Raphael & Leger, LLP, represented Plaintiffs. Elizabeth Broadway Brown from Alston & Bird LLP, and Kadee Anderson from Stinson LLP, represented Defendant OptumRX, Inc. ("OptumRX"). Daniel Dockery from Williams & Connolly, LLP, and John Ursu from Faegre Drinker Biddle & Reath LLP, represented Defendants Caremark PCS Health, L.L.C., Caremark, L.L.C., and Caremark Rx, L.L.C. (collectively, "CVS Caremark"). David Foster and Carolyn DeLone from Hogan Lovells US LLP represented Defendants Mylan Inc., and Mylan Specialty L.P. (collectively, "Mylan").

Plaintiffs allege that prices for EpiPens (a medical device that a person with severe allergies can use to self-administer a dose of epinephrine) can be maintained at supra-competitive levels because the manufacturer, Defendant Mylan, made illicit payments to companies, called pharmacy benefit managers ("PBM"), that manage prescription drug benefits for health insurance companies and large employers. In exchange for these payments, Plaintiffs allege that the PBMs favored EpiPen in their management of prescription drug benefits by, for example, favorable formulary placement. All Defendants generally deny the allegations, and also interpose several defenses, among them an assertion that Plaintiffs' claims are time-barred. Interrogatory No. 3 bears on Defendants' statute of limitations defense.

Interrogatory No. 3 seeks facts that may show when Plaintiffs discovered their alleged injury, which may show, in turn, whether Plaintiffs' claims are barred by the statute of limitations. Plaintiffs raise objections to Defendant's Motion, asking the Court to deny it and enter a protective order to ban further inquiries into Interrogatory No. 3's subject matter. The Court orders the disclosure of only that information which is both relevant and proportional to this case. Defendant's Motion is granted, as detailed below.

**I.  Background**

The Court incorporates by reference here the Background section of the Order issued on December 7, 2021 (Dec. 7 Order at 2–4, Dkt. No. 322) and supplements it as follows.

The parties have been in discovery since March 2021, with fact discovery scheduled to close on April 1, 2022. (*See* Pretrial Sched. Order at 1, Dkt. No. 150.) Defendant sent its

first set of interrogatories, including Interrogatory No. 3, on May 3, 2021. (Def.'s Ex. 1 at 6, Dkt. No. 219-1.) On June 2, 2021, Plaintiffs responded to Interrogatory No. 3—raising boilerplate objections to Defendant's request as irrelevant, predicated on incorrect principles of law, and seeking confidential and privileged information. (Def.'s Ex. 2 at 10, Dkt. No. 219-2.) Based on those objections, Plaintiffs refused to provide any responsive information to Defendant's request. (*Id.*)

Since that time, the parties have engaged in meet-and-confers, as documented in Defendant's Exhibits 3–5, but have been unable to resolve their dispute over Interrogatory No. 3. (*See* Def.'s Ex. 3, Dkt. No. 219-3; Def.'s Ex. 4, Dkt. No. 219-4; Def.'s Ex. 5, Dkt. No. 219-5.) In a letter to Plaintiffs, Defendant stated, "If the reason that Plaintiffs did not provide an answer to this Interrogatory is because Plaintiffs undertook no action to investigate the reasons for the increases in the price of EpiPen before March 29, 2016, then that is the answer to this Interrogatory and Plaintiffs must state so in writing under oath." (Def.'s Ex. 3 at 5.) Plaintiffs responded that because of a District Court Opinion and Order issued in January 2021, "Plaintiffs' investigations, if any, of EpiPen price increases are irrelevant" because the District Court foreclosed Defendant's statute of limitations defense in that Order. (Def.'s Ex. 4 at 4.) Plaintiffs maintain this position. (*See* Def.'s Ex. 5 at 1; Pls.' Mem. Opp'n at 6, Dkt. No. 250.)

Defendant now brings this Motion asking the Court to compel Plaintiffs to supplement their allegedly deficient discovery response to Interrogatory No. 3. (Def.'s Mot. at 1.) Plaintiffs oppose Defendant's Motion and ask the Court to deny it entirely and

3

to enter a protective order banning further inquiries into Interrogatory No. 3's subject matter. (Pls.' Mem. Opp'n at 1, 10.)

After a review of the governing law for deciding this Motion, the Court will address the parties' opposing arguments. The Court will close by reviewing Plaintiffs' request for a protective order.

**II.     Governing Law**

Pursuant to Federal Rule of Civil Procedure 26, parties are entitled to liberal discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts construe the scope of Rule 26(b)(1) broadly. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). However, the scope of discovery is not limitless; it includes what is relevant to the *actual claims or defenses* that are at issue. *See Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021).

The party that seeks discovery has the burden of making a threshold showing that the information sought is relevant to the claims or defenses in the case. *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Then, "the party resisting production bears the burden of establishing lack of relevancy or undue burden." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2016 WL 6997113, at *7 (D. Minn. Sept. 6, 2016) (citing *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)).

Beyond being relevant, Rule 26 requires that information sought in discovery also be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors important to a

4

court's proportionality analysis include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. A court may "find that a request on its face is not proportional to the needs of the case, given the relevance of the requested discovery." *Stan Koch & Sons Trucking, Inc. v. Am. Interstate Ins. Co.*, No. 18-CV-2945 (PJS/HB), 2020 WL 2111349, at *3 (D. Minn. May 4, 2020) (quoting *Klein v. Affiliated Grp., Inc.*, Case No. 18-CV-949 (DWF/ECW), 2019 WL 1307884, at *7 n.9 (D. Minn. Mar. 22, 2019)).

When a requesting party believes its discovery requests are relevant and proportional, but a responding party has failed to provide the requested information, a requesting party may move a court to compel the responding party's production. Fed. R. Civ. P. 37. Again, once a threshold showing of relevance has been made by the requesting party, the burden of demonstrating why information need not be provided—and thus, why a court should deny a motion to compel—is on the party resisting disclosure. *Beseke v. Equifax Info. Servs., LLC*, No. 17-CV-4971 (DWF/KMM), 2018 WL 6040016, at *4 (D. Minn. Oct. 18, 2018) (citation omitted). A party resisting disclosure cannot use boilerplate objections to meet its burden. "Routine, '[b]oilerplate objections, without more specific explanations for any refusal to provide information, are not consistent with the Federal Rules of Civil Procedure.'" *Stan Koch & Sons Trucking*, 2020 WL 2111349, at *3 (quoting *Lubrication Techs., Inc. v. Lee's Oil Serv., LLC*, Case No. 11-CV-2226 (DSD/LIB), 2012 WL 1633259, at *5 n.5 (D. Minn. Apr. 10, 2012)). Plaintiffs' original objections to

Interrogatory No. 3 are entirely boilerplate, and therefore, ineffectual. The Court gives weight only to Plaintiffs' non-boilerplate objections.

## III. Interrogatory No. 3

The parties' dispute is over a single discovery request, Interrogatory No. 3. Interrogatory No. 3 asks Plaintiffs to "[d]escribe in detail every action [Plaintiffs] took to investigate the reasons for the increases in the price of EpiPen before March 29, 2016,[1] including without limitation the dates of any such actions." (Def.'s Mem. Supp. at 3–4, Dkt. No. 218; Def.'s Ex. 1 at 5.)

### A. Defendant's Relevance Arguments

Defendant argues that the information sought from Plaintiffs in Interrogatory No. 3 is relevant to demonstrate that Plaintiffs' claims are untimely. (Def.'s Mem. Supp. at 1–2.) Specifically, Defendant argues that Plaintiffs are too late to file a civil action alleging that Defendant violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). (*Id.*) RICO is a federal statute that makes it criminal "to conduct" an "enterprise's affairs through a pattern of racketeering activity[,]" which in turn can be demonstrated by showing that a party violated specified statutes listed within RICO. 18 U.S.C. §§ 1961(1), 1962(c). RICO claims are subject to a four–year statute of limitations. *See Rotella v. Wood*, 528 U.S. 549, 552 (2000) (citing *Agency Holding Corp. v. Malley-*

---

[1] This date is precisely four years before the filing of this action on March 29, 2020. Information known on dates preceding this date may be relevant to all Defendants' statute of limitations defense discussed below *infra* Section III.A.

*Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987) (establishing RICO's limitation period for civil claims)).

To determine whether Plaintiffs' RICO allegations are too late, Defendant seeks evidence that shows precisely *when*, if ever, Plaintiffs' statutory clock for bringing a RICO claim began to tick. There are two triggers that start the statute of limitations clock on a RICO claim under Eighth Circuit law: first, when a plaintiff's injury occurred, and second, when a plaintiff should have reasonably discovered their injury by exercising reasonable diligence. *See Schreier v. Drealan Kvilhaug Hoefker & Co. P.A.*, 992 F.3d 674, 681 (8th Cir. 2021) (citing *Rotella*, 528 U.S. at 553). The question of whether a plaintiff *should* have discovered its injury with reasonable diligence is fact-specific. *ARP Wave, LLC v. Salpeter*, No. 18-CV-2046 (PJS/ECW), 2020 WL 881980, at *8 (D. Minn. Feb. 24, 2020). Thus, Defendant argues any facts that Plaintiffs disclose in response to Interrogatory No. 3 are relevant because Plaintiffs allege that Defendant committed RICO violations beginning in 2013, but only brought this action in 2020. (Def.'s Mem. Supp. at 7.) If Defendant can find facts that show Plaintiffs discovered their alleged injury from inflated EpiPen device prices more than four years before they filed this action on March 29, 2020—or that they reasonably should have—that evidence may support Defendant's statute of limitations defense that Plaintiffs filed their case too late. (*Id.* at 7–8.)

Defendant also makes a second relevance argument regarding Interrogatory No. 3. Defendant claims that the Honorable Eric C. Tostrud, in his January 15, 2021 Opinion and Order largely denying all Defendants' Motions to Dismiss (*see* Dkt. Nos. 85, 90), opined that—although Plaintiffs' pleadings did not provide enough facts to demonstrate that the

7

rising price of EpiPen devices alone triggered "a duty of reasonable diligence" which began to run RICO's statute of limitations for Plaintiffs—insufficient facts in the pleadings did not rule out that sufficient facts might be found during discovery. (*Id.* at 3 (citing Tostrud Op. & Order at 15–16) ("All of this is not to say that discovery won't reveal that Plaintiffs' RICO claims are untimely. It may. It's just that dismissing Plaintiffs' RICO claims as untimely at this point would be premature.").) Based on this language, Defendant contends that Judge Tostrud explicitly affirmed both the relevance and proportionality of discovery by all Defendants concerning their statute of limitations defense.

The Court finds Defendant has met its burden of demonstrating the relevance of the information sought in Interrogatory No. 3. Proving—or failing to prove—a statute of limitations defense is undeniably relevant to the actual claims or defenses that are at issue in this action. *Sherman*, 338 F.R.D. at 252. Therefore, the burden shifts to Plaintiffs to show why the information sought in Interrogatory No. 3 need not be provided. *See Beseke*, 2018 WL 6040016, at *4.

### B.    Plaintiffs' Irrelevance Arguments

Plaintiffs' first objection to Interrogatory No. 3 is that it seeks legally irrelevant information. (Pls.' Mem. Opp'n at 6.) Plaintiffs argue that Judge Tostrud's January 15 Opinion and Order foreclosed Defendants' statute of limitations defenses because the court found that "Defendants have not shown that Plaintiffs should have discovered their injury based on EpiPen price increases alone." (*Id.* (citing Tostrud Op. & Order at 15).) Plaintiffs contend that if any Defendants wish to pursue their stricken statute of limitations defense they must "ask the [District Court] to reconsider that ruling." (*Id.*) Plaintiffs argue that

8

while Rule 26(b)(1) is broadly construed, it "does not permit discovery that is premised on an issue . . . that the Court previously ruled was legally irrelevant, not legally viable, and of no consequence to determining this case." (*Id.* at 7.) Because, argue Plaintiffs, Judge Tostrud eliminated Defendant's statute of limitations defense, Plaintiffs claim this Court is bound to follow that ruling at this later stage of the same case. (*Id.* (citing *Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 994, 1004 (8th Cir. 2010) (describing the "law of the case" doctrine requiring that an earlier court's decision govern a later court's decision in the same case)).) Plaintiffs claim that stricken defenses such as Defendant's, are legally irrelevant, and thus, the Court should deny Defendant's Motion.

The Court disagrees. In the final sentence of his introduction to his January 15 Opinion and Order, Judge Tostrud held that "Plaintiffs have stated plausible claims under RICO and the Sherman Act, *and while discovery may reveal that the statute of limitations has run on those claims, it would be inappropriate to dismiss them as untimely at this stage*." (Tostrud Op. & Order at 1–2 (emphasis added).) The Court finds that no reading, however generous, could find that the statute of limitations defense was stricken by Judge Tostrud. Furthermore, even if there were any doubts left about whether Judge Tostrud foreclosed this defense, the remainder of his Opinion and Order provides clarity: "All of this is not to say that discovery won't reveal that Plaintiffs' RICO claims are untimely. *It may*. It's just that dismissing Plaintiffs' RICO claims as untimely at this point would be premature." (*Id.* at 16 (emphasis added).) Thus, Defendant has met the low threshold demonstrating Interrogatory No. 3's relevance, and Plaintiffs' first opposing argument fails to overcome that showing.

9

Plaintiffs' next argument is that the Court should deny Defendant's Motion because Defendant has conceded Interrogatory No. 3 is irrelevant by quoting it inaccurately to the Court in this Motion. (Pls.' Mem. Opp'n at 9.) Plaintiffs claim that, whereas Interrogatory No. 3 *as written* asks for information about investigations that "[Plaintiffs] performed in response to Mylan's EpiPen price increases," Defendant now rewrites the Interrogatory to ask for "other facts" or "facts other than EpiPen price increases alone" to circumvent Judge Tostrud's supposed finding that this discovery area is meritless. (*Id.* (citing Def.'s Mem. Supp. at 9–10).)

The Court again disagrees. Defendant's plain language in Interrogatory No. 3 asks for investigations of "the reasons" for EpiPen price increases. As the Court remarked during the October 14 motion hearing, and as Defendant confirmed, there may be many reasons why Plaintiffs investigated an increase in EpiPen prices—from idle curiosity, to a tip from a party with a guilty conscience, to no particular reason at all. Interrogatory No. 3 does not ask for investigative information based on any specific investigative motive. Interrogatory No. 3 simply asks for investigative information, whatever might have motivated Plaintiffs to investigate and collect that information. These reasons could include "other facts" besides price increases that led Plaintiffs to investigate EpiPen prices. Moreover, the broad scope of Interrogatory No. 3 is in its original language and is not the result of any rewrite by Defendant. Defendant's reliance on Interrogatory No. 3's original language is further evidenced by Defendant's proposed order which simply asks the Court to compel Interrogatory No. 3 *as written*. (Dkt. No. 221.) Thus, Defendant has met the

threshold for Interrogatory No. 3's relevance, and Plaintiffs' second opposing argument also fails to demonstrate otherwise.

### C. The Parties' Proportionality Arguments

Returning to Rule 26, parties can seek to discover nonprivileged matters that are both relevant and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The parties make few proportionality arguments. Defendant argues that the information sought from Plaintiffs in Interrogatory No. 3 is proportional. This is so, Defendant claims, because in his January 15 Opinion and Order, Judge Tostrud anticipated that Defendant would need to seek out sufficient facts during discovery—if it could find them—to demonstrate when Plaintiffs had a duty of reasonable diligence that began to run RICO's statute of limitations clock. (Def.'s Mem. Supp. at 3 (citing Tostrud Op. & Order at 15–16).) Thus, Defendant contends that Interrogatory No. 3 seeks information that Judge Tostrud already confirmed would be proportional to the needs of the case. (*Id.* at 8.)

Plaintiffs disagree, arguing that Interrogatory No. 3 is disproportionate. They state that "[t]he burden of answering such an interrogatory by definition exceeds its benefit under Rules 26(b)(1) and 26(b)(2)(C)(iii)." (Pls.' Mem. Opp'n at 1 (citing discovery rules requiring a court to limit the extent of discovery where it determines the proposed discovery is outside Federal Rule of Civil Procedure 26's permitted scope).) Plaintiffs tie their disproportionality argument to their first irrelevance argument, stating that to "respond to interrogatories grounded on a faulty legal premise . . . would be burdensome." (*Id.* at 5 (citing Def.'s Ex. 4 at 4).)

11

The Court agrees with Defendant and finds that, in addition to being relevant, the information sought in Interrogatory No. 3 is also proportional. The Plaintiffs' disproportionality argument is tied to their failed legal irrelevance argument, and thus the proportionality argument also fails. Beyond this, weighing the factors provided by Rule 26(b)(1) also demonstrates that the information sought in this Interrogatory is proportional to the needs of the case. The alleged injury brought in this case—unlawfully inflated EpiPen device prices—implicates several vitally important issues, among them, "the public's interest in an efficient, corruption-free health care system." (*See* Dec. 7 Order at 20 (citing Am. Compl. at 112–13, Dkt. No. 271).) Additionally, a key question in this case undeniably hinges on the timeliness of Plaintiffs' claims. The potential damages in controversy are significant, and the parties are clearly investing considerable resources to advance and defend their positions. Furthermore, the information sought is also in the Plaintiffs' sole control. The importance of this relevant information to resolving this action outweighs the burden and expense. Therefore, Plaintiffs shall provide a full and complete response to Interrogatory No. 3 as written.

### IV.     Plaintiffs' Request for a Protective Order

Plaintiffs seek a protective order under Rule 26(c)(1)(D). *See* Fed. R. Civ. P. 26(c)(1)(D) (noting that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]") Because the Court finds that Interrogatory No. 3 seeks information that is relevant and proportional, and because the Court finds no good cause to

issue a protective order for information related to it, the Court denies Plaintiffs' request for a protective order and, instead, compels Plaintiffs to answer this Interrogatory.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Express Scripts, Inc. and Medco Health Solutions, Inc.'s Motion to Compel Plaintiffs to Answer Interrogatory No. 3 (Dkt. No. 216) is **GRANTED**, and Plaintiffs shall provide a full and complete answer to Interrogatory No. 3 within 21 days of this Order;

2. Plaintiffs' request for a protective order under Rule 26(c)(1)(D) is **DENIED**; and

3. This Order shall be unsealed in its entirety 30 days from the date it is filed, unless the parties show in writing good cause to keep specific portions of the Order under seal. Accordingly, the parties shall promptly meet and confer regarding any redactions that may be required to protect confidential information referred to in this Order, and shall submit a joint letter and proposed redacted order within 14 days from the date this Order is filed, identifying with specificity what redactions they believe are required, and the basis for those redactions.

Dated: December 21, 2021
*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge