**LAW OFFICES**
# ODOM & DES ROCHES, LLC
**A LIMITED LIABILITY COMPANY**
SUITE 2020, POYDRAS CENTER
NEW ORLEANS, LA 70130
TELEPHONE: (504) 522-0077
FAX: (504) 522-0078

STUART E. DES ROCHES                                       STUART@ODRLAW.COM

February 15, 2022

**VIA ECF**

The Honorable John F. Docherty
United States Magistrate Judge
District of Minnesota
316 N. Robert Street
St. Paul, MN 55101

      RE:  *In re EpiPen Direct Purchaser Litig.*, No. 20-cv-00827 (ECT/JFD)

Dear Judge Docherty,

    Plaintiffs write in response to Defendants' letter of February 14, 2022 ("February Letter"), regarding interim deadlines for the substantial completion of the production of documents by Defendants.  *See* ECF No. 374.

    During the most recent status conference of January 18, 2022, the parties expressed their views and arguments concerning the overall schedule and interim deadlines for the substantial completion of the production of documents.  During the status conference, the Court noted that it was "not inclined to mess with those interim deadlines," but stated that "there might be some relaxation," but not "out to the 15th of April." ECF No. 369 ("Jan. 18 Tr.") at 18.  The Court also noted that it considered the matter "submitted." *Id.*  As to the overall schedule, and after some back-and-forth between the Court and counsel, the Court stated that, "I'm not going to ask people to meet and confer." *Id.* at 22.

    Thereafter, the Court issued its First Amended Pretrial Scheduling Order ("1st Amended PTSO") on February 1, 2022. ECF No. 370.  Therein, the Court

Hon. John F. Docherty, U.S.M.J.
February 15, 2022

reset various deadlines as contained in the original Pretrial Scheduling Order ("Original PTSO") (ECF No. 150) and noted that, "[a]ll prior consistent Orders remain in force and effect." 1st Amended PTSO, ¶ 8(a). Notably, the prior-set date of February 28, 2022 for the original Defendants' substantial completion of the production of documents emanates from a ruling this Court made on December 10, 2021 (ECF No. 325), not the Original PTSO of March 2021, and thus was not altered by the Court's 1st Amended PTSO.

Furthermore, this Court's December 2021 ruling -- and the attendant February 28, 2022 deadline for substantial completion of the production of documents -- are "consistent" with the 1ST Amended PTSO: arguments were presented by the parties on the issue; the February 28, 2022 deadline date falls prior to the close of fact discovery on October 1, 2022; and the deadline provides Plaintiffs with a reasonable amount of time, prior to the close of fact discovery, within which to review and analyze the voluminous productions that Defendants will be making, and then to proceed apace into the deposition process in an orderly fashion.

The February 28, 2022 deadline is also appropriate because the Defendants have had more than ample time to collect various categories of documents which are still outstanding. Even though Plaintiffs' First Request for the Production of Documents has been pending for over eight (8) months, Plaintiffs have received very little document production in response thereto, even, for instance, as to categories of documents that (a) the PBM Defendants agreed over 4 months ago to collect and produce and (b) Mylan already gathered and produced in the EpiPen MDL Litigation and over which Plaintiffs and Mylan agreed to production parameters (*i.e.*, custodians, search terms and time periods) on December 30, 2021. The reality is that Plaintiffs have received nominal rolling productions from Defendants despite their on-going promises that rolling productions would take place.[1]

Notably, the February 28th date was proposed by Defendants themselves in November 2021, which was well after Plaintiffs served their First Requests for

---

[1] Indeed, Defendants continue to tout the promises and virtues of "rolling production" in their February Letter to the Court, despite the fact that they have not materialized in a meaningful manner. ECF 374 at 3-4; *see also* Jan. 18 Tr. at 14 (Counsel for CVS Caremark: "Documents are going to be produced on a rolling basis").

2

Hon. John F. Docherty, U.S.M.J.
February 15, 2022

Production of Documents and commencement of negotiations.[2] Neither during the January 18, 2022 status conference, nor in their current February Letter did Defendants assert that the February 28, 2022 deadline is not actually achievable for some concrete reason. Significantly, the Defendants do not explain why they cannot meet the February 28th date for some (if not all) of the categories of materials they agreed to produce.

Finally, near-term firm deadlines are needed to ensure Plaintiffs receive documents in a timely manner, and so as to not waste the six months of additional time for fact discovery ordered by the Court.[3]

As concerns the newly-added PBM Defendants, they proposed March 21, 2022, as their substantial completion of production date in the joint submission emailed to the Court on January 11, 2022, while the Plaintiffs proposed March 1, 2022. During the January 18, 2022 status conference, the Court stated that it was inclined to accept the proposed March 21, 2022 deadline due to the six-month fact discovery extension and asked for Plaintiffs' position on the matter. Jan. 18 Tr. at 8-9. In response, counsel for Plaintiffs stated that the March 21 deadline was

---

[2] The Plaintiffs proposed January 21, 2022. *See* Joint Update on the Parties' Positions on Setting Interim Discovery Deadlines, dated November 22, 2021 ("November 2021 Joint Update"). Defendants' reliance on statements by Plaintiffs' counsel made during the December 10, 2021 status conference, as articulated in their February Letter (at 2), is inapt since: (1) Plaintiffs' counsel's statements pertained to the Plaintiffs' more aggressive proposed substantial completion deadline date of January 21, 2022, not Defendants' more relaxed proposed date of February 28, 2022; and regardless, (2) after December 10, 2021, the parties had additional opportunity on January 18, 2022 to present arguments on the same issue in the context of the six-month fact discovery extension.

[3] The latter sentiment was expressed by the Court and echoed by Defendants themselves during the January 18th status conference. Jan. 18 Tr. at 11 (Counsel for CVS Caremark: "And often, you know, our experience has been that, you know, when there's more time built into a fact schedule than necessary, it just, you know, turns into a period of time for people to, you know, have disputes over discovery") and 18 (Court: "I don't want to take this six months and then just use it up, you know, like we've got all this time, let's spend it.").

3

acceptable in light of the fact discovery extension. Jan. 18 Tr. at 9. Plaintiffs continue to believe that remains a reasonable date for the newly-added PBM Defendants as their production requirements appear to be far less than that of the original Defendants.

During the recent meet and confer sessions with Defendants, counsel for Plaintiffs explained that by all appearances from the Court's Orders, the February 28, 2022 deadline for substantial completion of document production remained intact for the original Defendants and noted various statements made by the Court during the January 18, 2022 status conference. In light of that, the Defendants' offer of April 29, 2022 for the substantial completion of document production for all Defendants appears unreasonable, as well as not in keeping with the Court's Orders and directives, the overall needs of the case, or Defendants' own suggested deadline of April 15, 2022, as made during the January 18th status conference. *See* Jan. 18 Tr. at 14. Counsel for Plaintiffs also explained that Plaintiffs were not fixated on the precise date of February 28 for the original Defendants or March 21 for the newly-added PBM Defendants, but that any meaningful discussions should revolve around far more modest extension requests.[4] Defendants were not willing to propose a date other than April 29, 2022 absent a counter-proposal from Plaintiffs and expressed concerns about "bargaining against themselves."

In light of the above, prior submissions and arguments presented to the Court, and prior Orders of the Court, Plaintiffs respectfully request that this Court not alter the February 28, 2022 date for the substantial completion of document production for the original Defendants and set a March 21, 2022 deadline for the newly-added PBM Defendants. If the Court, however, is inclined to some relaxation of the interim deadlines, Plaintiffs respectfully request that (a) the extensions be modest (*e.g.,* a slight extension from February 28, 2022 for the original Defendants and from March 21, 2022 for the newly-added PBM

---

[4] Defendants should not be surprised by Plaintiffs' position on this issue. Plaintiffs have consistently stated that the February 28, 2022 deadline "only works if the period for fact discovery after that deadline is extended to provide Plaintiffs with sufficient time to process, review and follow-up on Defendants' document production in advance of depositions." November 2021 Joint Update at 3-4; *see also* Jan. 18 Tr. at 16-18.

Hon. John F. Docherty, U.S.M.J.
February 15, 2022

    Defendants) and (b) that the Court order the commencement of significant rolling productions by Defendants prior to those dates.

                                              Respectfully submitted,

                                              *Stuart E. Des Roches*
                                              Stuart E. Des Roches

cc: all counsel (via email)