**ODOM & DES ROCHES** LLC             www.odrlaw.com

January 27, 2023

The Honorable John F. Docherty                               *Via email and ECF*
United States Magistrate Judge
District of Minnesota
316 N. Robert Street
St. Paul, MN 55101
Docherty_chambers@mnd.uscourts.gov

        Re:    *In re EpiPen Direct Purchaser Litigation*,
                No. 20-cv-827-ECT-JFD (D. Minn.)

Dear Judge Docherty:

      Pursuant to the parties' Joint Stipulation filed with the Court on January 17, 2023 (ECF 627) ("Joint Stipulation") and this Court's Order Regarding Extension of Case Schedule of January 24, 2023 (ECF 633) ("Case Extension Order"), Plaintiffs submit this Informal Dispute Resolution ("IDR") letter in response to Defendants' IDR letter filed on January 23, 2023 (ECF 632) ("Defendants' IDR Letter").

### I. COURT ORDER AND AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANTS.

      This Court has ordered that discovery should be extended 45 days (until March 20, 2023) for specific fact depositions that are identified in the Case Extension Order. *See* Case Extension Order at pp. 1-2. The parties appear to agree that the exchange date for Plaintiffs' class expert report should be 14 days thereafter (April 3, 2023). *See* Defendants' IDR Letter (ECF 632) at p. 2 ("As a compromise, Defendants would be willing to provide a 14-day extension past the end of fact depositions for Plaintiffs' class expert reports."); Plaintiffs' IDR Letter (ECF 631) ("opening IDR Letter") at p. 1 (requesting 14-day extension from March 20, 2023 for exchange of Plaintiffs' class expert report).

### II. THERE IS NO NEED TO EXTEND THE ENTIRE SCHEDULE.

      As mentioned in Plaintiffs' opening IDR Letter, the current schedule has room built in to accommodate both the 45-day (fact depositions) and 14-day (Plaintiffs' class expert report) periods without moving the entire schedule. Under Plaintiffs' proposal, there would be a 3-month gap between the last class certification filing (*i.e.*, Plaintiffs' class reply memorandum on October 10, 2023) and the next deadline which would require Plaintiffs (not Defendants) to disclose and file

merits expert reports on January 16, 2024. In comparison, the Defendants' last filing regarding class certification (*i.e.*, opposition to class certification) would be on September 26, 2023 while their next deadline would not be until March 1, 2024 when their own merits expert report would be due – 5 months later.

Defendants' proposal, however, artificially alters the current class certification filing/exchange staggers in order to make it seem that the gap between class and merits discovery is shorter.

For example, Defendants suggest that because the parties agree to extensions, Defendants' class expert report should be exchanged 59 days (42 days, plus 14 days, plus an extra 3 days for the Memorial Day Holiday) after receiving Plaintiffs' class report instead of the current Court-ordered stagger of 42 days. Defendants' justification is that Plaintiffs are obtaining extra time to prepare their class reports and therefore so should Defendants; the Defendants do not articulate a justification for the additional 3 days for Memorial Day (which is May 29). But Defendants' position fails to recognize that the current schedule provides Defendants with 42 days to exchange their class reports from the date Plaintiffs exchange theirs. The fact that Plaintiffs' class expert would get an additional 14 days to consider all depositions, including those taken at the tail end of the 45-day period, does not justify Defendants getting even more time to tender their class reports since they will also be getting the benefit of the 45-day and 14-day periods, just as Plaintiffs will get – during those periods Defendants can work with their experts, as will Plaintiffs.[1]

Defendants use the above techniques to elongate the class certification schedule and suggest that the gap between finalization of class processes and the start of merits expert processes would shrink to "just two months…or less." Defendants' IDR Letter at 3. But, as Plaintiffs' proposed schedule demonstrates, the gap would be 3 months for Plaintiffs and 5 months for Defendants.

Respectfully,

*/s/ Stuart E. Des Roches*

Stuart E. Des Roches

cc: All counsel of record (via email)

---

[1] Defendants add an extra 3 days for the "Independence Day holidays" and move the schedule forward to Mondays when the schedule would otherwise fall on a Saturday or Sunday using current staggers. Their justification for forwarding due dates to Mondays, as opposed to reverting to Fridays, is that Fed.R.Civ.P. 6 shifts deadlines falling on weekends to the next business day. Defendants' reliance on Rule 6 is misplaced in this context in that the parties are discussing proposed scheduling tweaks with the Court, not dealing with current Court-ordered deadlines that fall on a weekend or holiday.