UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

In re: EpiPen Direct Purchaser Litigation          File No. 20-cv-0827 (ECT/JFD)

THIS DOCUMENT RELATES TO:                          **OPINION AND ORDER**
ALL ACTIONS

_____

Plaintiffs Rochester Drug Co-Operative, Inc., and Dakota Drug, Inc., are wholesalers who buy pharmaceuticals directly from manufacturers.[1] They contend in this lawsuit that the manufacturer of EpiPens, Defendants Mylan Inc. and Mylan Specialty L.P. (collectively, "Mylan"), paid bribes and kickbacks to pharmacy benefit managers— referred to collectively as CVS Caremark, Express Scripts, and OptumRx (or "PBM Defendants")—to ensure that Mylan could raise the price of its EpiPens while keeping a monopoly share of the market. Those bribes and kickbacks, according to Plaintiffs, resulted in exponential increases in an EpiPen's price and violated the Racketeer-Influenced and Corrupt Organizations Act, more commonly known as RICO. 18 U.S.C. §§ 1961 *et seq*. Plaintiffs claim to have been injured by the price increases, which the parties refer to as overcharge damages.

During fact discovery, Defendant Express Scripts propounded an interrogatory asking Plaintiffs to allocate the claimed overcharge damages among the separate RICO enterprises between the PBM Defendants and Mylan, and among other alleged misconduct

_____

[1] The underlying facts have been detailed in multiple previous orders. Familiarity with those orders is presumed here.

between Mylan and entities not party to this litigation. ECF No. 567-3 at 4–5. Plaintiffs responded that they were not seeking overcharge damages from alleged anticompetitive activity involving non-party entities. Plaintiffs also stated that their harm from the alleged EpiPen overcharges caused by Defendants' conduct was indivisible and could not be allocated among Defendants. *Id.* at 5-6. Express Scripts thereafter brought a motion to compel Plaintiffs to provide the requested allocation of damages. ECF No. 566 at 12–16.

In an order dated March 29, 2023, Magistrate Judge John F. Docherty denied Express Scripts' motion to compel. ECF 661. In pertinent part, this order found that Plaintiffs' alleged overcharge harm was indivisible, making the allocation of damages irrelevant to Express Scripts' defense of the action. Express Scripts, CVS Caremark, and Optum Rx[2] appeal, contending that this decision is a premature ruling on the merits of the damages issue. They agree, however, that the Magistrate Judge correctly denied the motion to compel, conceding that Plaintiffs' response to the interrogatory was sufficient, at least at this stage of the case. They argue that Magistrate Judge Docherty should have denied the motion to compel without addressing the underlying merits issue of the divisibility of damages.

A magistrate judge's rulings on non-dispositive motions are to be reversed only if they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* D. Minn.

---

[2]   CVS Caremark and Optum Rx were not parties to the challenged interrogatory and did not take any part in the proceedings below regarding the interrogatory. According to these Defendants, they joined in Express Scripts' appeal because the ruling will "negatively affect[]" their defense of the case. Because these Defendants' arguments are the same as those Express Scripts raises, this order will refer only to Express Scripts' contentions.

L.R. 72.2(a)(3)(A). This standard of review "is extremely deferential." *Magee v. Trs. of the Hamline Univ.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013) (citations omitted). A magistrate judge's ruling on a dispositive issue, however, is reviewed de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b)(3). Discovery in federal court encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In seeking to compel a response to discovery, Express Scripts bears the burden to establish that the information is both relevant and proportional. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

That part of Magistrate Judge Docherty's order denying Express Scripts' motion to compel a further response to Interrogatory 7 will be affirmed for the simple reason that Express Scripts agrees that Plaintiffs' response to the interrogatory was sufficient, at least at this stage of the case. Regardless, two additional matters raised by the parties deserve clarification.

First, I do not understand this discovery ruling to settle once and for all the factual question of whether allocation is possible. Plaintiffs' response was that their damages are indivisible, and also that they are not seeking any damages in this case from other allegedly anticompetitive behavior on the part of Mylan. This answer means that Plaintiffs believe that the harm from Mylan's conduct with other entities is different than the harm Plaintiffs are pursuing in this case. But if Plaintiffs' harm here is truly indivisible, then the increased price of EpiPens could be a result of not only these Defendants' alleged RICO schemes but also all of the other conduct in which Mylan was engaged. Plaintiffs' statement that they do not seek damages in this case for other anticompetitive behavior is, therefore, best

3

understood as a qualified response: Plaintiffs could not state when they answered the interrogatory whether the harm Plaintiffs allege was caused by other anticompetitive conduct not the subject of this particular lawsuit, nor could they state how much of their harm Defendants here are responsible for, but that answer may change with further discovery.

Second, this likewise does not settle the legal question regarding whether—should Plaintiffs' alleged injuries prove to be indivisible—joint and several liability will apply. No binding authority answers this question. Damages proximately caused by a defendant's conduct is an essential element of a RICO claim. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006). And as Magistrate Judge Docherty noted, the Eighth Circuit Court of Appeals has instructed courts evaluating RICO damages claims to look to tort law principles, because RICO is "a statutory tort remedy." *Bieter Co. v. Blomquist*, 987 F.2d 1319, 1329 (8th Cir. 1993). Under well-settled tort principles, tortfeasors are jointly and severally responsible for damages they cause that cannot be divided. *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260 (1979) (noting the common-law rule that "allows an injured party to sue a tortfeasor for the full amount of damages for an indivisible injury that the tortfeasor's negligence was a substantial factor in causing, even if the concurrent negligence of others contributed to the" damages). But previous orders have made clear that there is no single RICO enterprise here; rather, there are several separate enterprises. In RICO parlance, Mylan is at the center of the "wheel" and the PBM Defendants are at the rim, but there is no single enterprise connecting the PBM Defendants

to each other. Liability attaches only to each "spoke" of the wheel—Express Scripts' alleged enterprise with Mylan, CVS Caremark's alleged enterprise with Mylan, and so on.

According to Express Scripts, this separate-liability requirement means that there can be no joint and several responsibility for damages among these enterprises, even if the proximate cause of those damages is the cumulative effect of all of the enterprises. Express Scripts insists that courts unanimously find that separate RICO conspiracies cannot be jointly and severally liable for a plaintiff's harm, but the cases on which Express Scripts relies do not address the situation here. Rather, the cases Express Scripts cites involved separate conspiracies that each caused distinct and divisible harm. *E.g.*, *Allstate Ins. Co. v. Nazarov*, No. 11 CV 6187 (PKC) (VMS), 2015 WL 5774459, at *2 (E.D.N.Y. Sept. 30, 2015) (involving "separate but similar schemes to defraud Allstate through . . . the submission of false and/or fraudulent insurance claims on behalf of injured persons allegedly covered by New York's" no-fault insurance law); *Gov't Emps. Ins. Co. v. Parkway Med. Care, P.C.*, No. 15 CV 3670 (FB) (VMS), 2017 WL 1133282, at *3 (E.D.N.Y. Feb. 21, 2017) (involving "series of schemes to submit fraudulent claims for medically unnecessary and otherwise unreimburseable services"); *Allstate Ins. Co. v. Aminov*, No. 11 CV 2391 (MKB), 2014 WL 527834, at *3 (E.D.N.Y. Feb. 7, 2014) (involving "several schemes to defraud Allstate using New York's no-fault system"); *Allstate Ins. Co. v. Abramov*, No. 16 CV 1465 (AMD) (SJB), 2020 WL 1172697, at *2 (E.D.N.Y. Feb. 21, 2020) (involving "complex parallel schemes" to submit false claims for durable medical equipment). The harm in all of these cases was discrete: each RICO scheme submitted one or more false claims that could be directly attributed to the particular

scheme. Here, by contrast, each alleged RICO scheme between the PBM Defendants and Mylan contributed to the harm of an EpiPen's price increase. While Express Scripts is correct that there are no decisions holding that such joint responsibility for indivisible damages is permissible under RICO, there are similarly no decisions holding that joint responsibility for indivisible damages is impermissible. Regardless, Magistrate Judge Docherty's resolution of this issue in the context of a relevancy determination does not foreclose Defendants from raising the issue in the context of dispositive motions.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**: Express Scripts' Appeal/Objection [ECF No. 663] and CVS Caremark and Optum Rx's Appeal/Objection [ECF No. 664] are **OVERRULED** and Magistrate Judge Docherty's March 29, 2023, Order [ECF No. 661] is **AFFIRMED**.

Date:  June 21, 2023                              s/ Eric C. Tostrud                    
                                                  Eric C. Tostrud
                                                  United States District Court